IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STEVEN CONE, ET AL.; | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO.  4:17-CV-00001 |
| | § | JUDGE MAZZANT/JUDGE JOHNSON |
| v. | § | |
| | § | |
| SANITARIOS LAMOSA S.A. DE C.V., ET AL., | § | |
| | § | |
| | § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

Pending before the Court are Defendants'[1] Motion to Strike Plaintiffs' Class Allegations from Plaintiffs' First Amended Complaint (Dkt. 17), and Plaintiffs' Motion to Strike, or Alternatively Stay, Defendants' Request to Strike Class Allegations from Amended Complaint (Dkt. 19). For the following reasons, the Court recommends Defendants' motion (Dkt. 17) be **DENIED**, and Plaintiffs' motion (Dkt. 19) be **DENIED AS MOOT**.

### I.   BACKGROUND

The action arises from Defendants' alleged defective toilet tanks manufactured, designed, produced, and distributed by Defendants. *See* Dkt. 4 at 8. As a result, Plaintiffs have alleged five causes of action against Defendants: (1) strict products liability; (2) breach of implied warranty; (3) negligence; (4) punitive damages; and (5) violations of the Texas Deceptive Trade Practices Act. *See generally* Dkt. 4.

Plaintiffs brought this action both on their own behalf and as a class action on behalf of those similarly situated. *See id.* On May 26, 2017, Defendants filed the Motion to Strike

---

[1] Counsel for Defendant asserts Porcelana Corona de Mexico, S.A. de C.V. is the correct name of Defendant, which was formally known as Sanitarios Lamosa S.A. de C.V. and is also known as Vortens. *See* Dkt. 28. Plaintiff declines to agree with Counsel for Defendant on the correct name until further discovery is conducted. *See* Dkt. 31.

Plaintiffs' Class Allegations from Plaintiffs' First Amended Complaint (Dkt. 17). Plaintiffs filed a Response (Dkt. 20). Defendants filed a Reply (Dkt. 21). Plaintiffs filed a Sur-Reply (Dkt. 25). On June 8, 2017, Plaintiffs filed the Motion to Strike, or Alternatively Stay, Defendants' Request to Strike Class Allegations from Amended Complaint (Dkt. 19). Defendants filed a Response (Dkt. 22). Plaintiffs filed a Reply (Dkt. 26). Each party makes essentially the same arguments throughout each set of motions.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 23 requires a court to determine whether to certify a class "[a]t an early practical time after a person sues or is sued as a class representative." This component of class maintainability, however, "usually should be predicated on more information that the complaint itself affords." *Lucas v. Chesapeake Expl., L.L.C.*, 2013 WL 5200046, at *3-4 (E.D. Tex. 2013). A court must be particularly hesitant to decide matters against a class in view of the absence of a developed factual record. *See Jones v. Diamond*, 519 F.2d 1090, 1099 (5th Cir. 1975).

## III.   ANALYSIS

Defendants move to strike the class allegations in Plaintiffs' First Amended Complaint pursuant to FED. R. CIV. P. 12(f) and 23(d)(1)(D). FED. R. CIV. P. 12(f) states a court may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter," acting either on its own or on a motion advanced by a party. While ruling on a motion to strike is committed to the district court's sound judgment, "striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Weatherford Int'l, Inc. v. Halliburton Energy Servs., Inc.*, 2011 WL 902243, at *6 (E.D. Tex. Mar. 14, 2011); *Ecoquij-Tzep v.*

2

*Hawaiian Grill*, 2016 WL 8674569, at *7 (N.D. Tex. Dec. 16, 2016) (citing *Jacobs v. Tapscott*, 2004 WL 2921806, at *2 (N.D. Tex. Dec. 16, 2004), *aff'd on other grounds*, 277 F. App'x 483 (5th Cir. 2008)); *Baytown Christian Fellowship Church v. Underwriters at Lloyd's, London*, 2012 WL 3129094, at *1 (S.D. Tex. July 31, 2012); *see also Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001); *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985).

Defendants first argue Plaintiffs fail to meet the objective criteria required under Rule 23, and as a result, Plaintiffs' class allegations must be stricken from their Amended Complaint. *See* Dkt. 17 at 4-14. A plaintiff seeking to certify a class must satisfy the threshold requirement of ascertainability. *See DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir. 1970). Additionally, under Rule 23(a), a class is proper only if it satisfies the following requirements: (1) the class is so numerous that joinder is impracticable; (2) questions of law of fact exist common to the class; (3) claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. *See* FED. R. CIV. P. 23(a). Finally, if a plaintiff seeks certification of a Rule 23(b)(3) class, there is an additional requirement of showing predominance and superiority. *See Cole v. General Motors Corp.*, 484 F.3d 717, 723 (5th Cir. 2007).

Plaintiffs' proposed class is defined as "[a]ny and all consumers of toilet tank models #3464, #3412, #3404, #3425, #3408, and #3471 manufactured, produced, designed, marketed, or distributed by the named Defendants between 2004-2012." *See* Dkt. 4 at 26. Plaintiffs also assert the proposed definition and possible subclasses will be clarified at the time of the motion for class certification. *See id.* The Court concludes that Plaintiffs' description of the putative class is sufficient, and the class action allegations will not be stricken from Plaintiffs' Amended

Complaint. Further, the Court finds Defendants' motion is premature, and Defendants will have the opportunity to make these objections in response to Plaintiffs' motion for conditional certification. *See Ecoquij-Tzep*, 2016 WL 8674569, at *7. At this stage, Plaintiffs' amended allegations in support of proceeding as a class action are sufficient.

Defendants further argue that Plaintiffs lack standing to bring claims based on the allegedly defective toilet tank models #3412, #3404, #3435, #3408, and #3471. *See* Dkt. 17 at 14-15. Specifically, Defendants argue the named Plaintiffs allege that they owned model #3464 toilet tanks, and Plaintiffs fail to allege they owned any of the other five models named in Plaintiffs' Amended Complaint. *See id.* Whether representative parties may be allowed to present claims on behalf of others who have similar, but not identical, interests does not depend on standing, but rather on an assessment of the typicality, adequacy of representation, and superiority requirements. *See St. Gregory Cathedral Sch. v. Elecs., Inc.* 2015 WL 11121531, at *8 (E.D. Tex. Mar. 13, 2015). The Court finds these arguments are better considered at the certification stage. *See id.*

## IV. RECOMMENDATION

For the foregoing reasons, the Court recommends Defendants' motion (Dkt. 17) be **DENIED**, and Plaintiffs' motion (Dkt. 19) be **DENIED AS MOOT**.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). The parties are directed to Local Rule CV-72(c) for page limitations on objections.

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file

written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 22nd day of September, 2017.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE