IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| STEVEN CONE, ET AL., | § |
| | § |
| Plaintiffs, | § |
| | § |
| v. | § |
| | § CASE NO. 4:17-CV-00001-ALM-KPJ |
| VORTENS, INC., SANITARIOS | § |
| LAMOSA S.A. DE C.V., and | § |
| PORCELANA CORONA DE MEXICO, | § |
| SA. DE C.V., | § |
| | § |
| Defendants. | § |

## MEMORANDUM OPINION AND ORDER

Before the Court is nonparty Trendmaker Homes, Inc.'s ("Trendmaker") Motion to Quash Subpoena (the "Motion") (Dkt. 61) served by Plaintiffs, filed on December 22, 2017. Plaintiffs filed a response (Dkt. 64). Upon consideration of the Motion, the response, and the applicable law, the Court finds the Motion (Dkt. 61) should be **GRANTED**.

### I. BACKGROUND

Plaintiffs filed this lawsuit as a result of allegedly defective toilet tanks manufactured, designed, produced, and distributed by Defendant Porcelana Corona de Mexico, S.A. de C.V. f/k/a Sanitarios Lamosa S.A. de C.V. a/k/a Vortens ("Defendant") between 2004 and 2012. *See* Dkt. 1 at ¶24. The toilet tanks are sold under the brand name "Vortens." Plaintiffs brought various causes of action against Defendant, including strict products liability, breach of warranty, negligence, and violations of the Texas Deceptive Trade Practices Act. *See* Dkt. 1. The named Plaintiffs also intend to represent a putative class for all of their claims against Defendant. *Id*.

Plaintiffs assert Trendmaker was the builder of a home purchased by Plaintiffs Aaron Stone and Stacey Stone ("the "Stones"), all three of the toilets in the Stones' home contain Vortens

markings, and one of the Vortens tanks at the Stones' residence failed and another is "in the process of cracking." *See* Dkt. 64 a 2.

Plaintiffs served a subpoena (the "Subpoena") on Trendmaker on December 12, 2017. *See* Dkt. 61-1. The Subpoena requested Trendmaker to "produce for inspection and copying the documents described herein at the offices of COURTROOM SCIENCES INC., Attn: Vanessa Veloz, 4950 N. O'Connor Rd., Suite 152, Irving, Texas 75062-2778, on or before January 8, 2018 or such other mutually agreeable location."

## II. LEGAL STANDARD

Under Rule 45, "[a] subpoena may command: (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; . . ." FED. R. CIV. P. 45(c)(2)(A). Rule 45 also provides that "[a] person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial." FED.R.CIV.P. 45(d)(2)(A).

The target of a Rule 45 subpoena can file a motion to quash or modify the subpoena. Under Federal Rule of Civil Procedure 45(d) (3)(A), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: fails to allow a reasonable time to comply; . . . (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);. . ." FED. R. CIV. P. 45(d)(3)(A).

## III. DISCUSSION

As an initial matter, Trendmaker timely filed its Motion to Quash under Rule 45(d)(3)(A) on December 22, 2017, more than two weeks before the January 8, 2018, compliance date.

Trendmaker requests the Subpoena be quashed on two grounds: (1) compliance beyond the geographical limits specified in Rule 45(c), and/or (2) failure to provide a reasonable time to comply in accordance with Rule 45(d)(3)(A)(i). *See* Dkt. 61. Contrary to Plaintiffs' arguments, the Court finds that Trendmaker's grounds for quashing the Subpoena have merit.

Trendmaker has submitted the Affidavit of Bruce Okruhlik, Trendmaker's Director of Production, (the "Affidavit") (Dkt. 61-1), which asserts that many Trendmaker employees who would be involved in locating documents were on vacation for the Christmas and New Year holidays. In light of the fact the Subpoena was served close to the holidays, the Court agrees the period given for compliance is not reasonable under the circumstances. Accordingly, the Subpoena must be quashed on that basis.

The Affidavit also establishes that Trendmaker does not transact business within 100 miles of the place designated for compliance in Irving, Texas. Plaintiffs' response argues that the Court should deny Trendmaker's challenge to the Subpoena on the basis of geographical requirements because Rule 45(d)(2)(A) states that "[a] person commanded to produce documents, electronically stored information, or tangible things . . . need not appear in person . . . ." *Id*. However, Rule 45(c) provides that a subpoena may command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(2)(A). Furthermore, Rule 45(d) is very clear—"[a court] *must* quash or modify a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c)." FED. R. CIV. P. 45(d)(3)(A) (emphasis added). This mandatory language supersedes the discretionary language of Rule 45(d)(2)(A) cited by Plaintiffs that a person "need not appear." *See* Dkt. 64 at 3 (citing FED. R. CIV. P. 45(d)(2)(A)). Therefore, a subpoena requiring a nonparty to produce documents at a place

more than 100 miles away is invalid. *See* FED. R. CIV. P. 45(c)(2)(A). Trendmaker is not a party to this lawsuit, and it has shown that Plaintiffs' Subpoena commanding deposition testimony and document production requires Trendmaker to comply beyond Rule 45(c)'s geographical limits.

## IV. CONCLUSION

For the foregoing reasons, Trendmaker's Motion to Quash (Dkt. 61) is **GRANTED**, and Plaintiffs' Subpoena commanding Trendmaker to produce documents in Irving, Texas, on January 8, 2018, is **QUASHED**.

The Court notes that Rule 45 "explicitly contemplates the use of subpoenas in relation to non-parties." *Isenberg v. Chase Bank USA, N.A.*, 661 F.Supp.2d 627, 629 (N.D.Tex. 2009). Once Plaintiffs issue a valid Rule 45 subpoena, Trendmaker is subject to the discovery obligations the subpoena imposes, as limited by any protections under Rule 45 it is entitled to invoke. Accordingly, the Court trusts that Plaintiffs and Trendmaker will be able to mutually agree on an alternative date and place for production of the documents commanded by the Subpoena.

**IT IS SO ORDERED**.

SIGNED this 4th day of January, 2018.

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE