IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STEVEN AND JOANNA CONE, MICHAEL AND KIMBERLY AFTOSMES, MARK AND AMBER FESSLER, ANDREW HOCKER, KEVIN REUSS, and MATTHEW CARRERAS on Behalf of Themselves and Those Similarly Situated<br>Plaintiffs<br><br>v.<br><br>VORTENS, INC., SANITARIOS LAMOSA S.A. DE C.V., PORCELANA CORONA DE MÉXICO, S.A. DE C.V.<br>Defendants. | § § § § § § § § § § § § § § § | Civil Action File No.<br>4:17-cv-00001<br><br><br><br>Hon. Judge Amos Mazzant<br><br><br><br><br>Jury Trial Demanded |

## DECLARATION PURSUANT TO 28 U.S.C § 1746

**IN THE STATE OF TEXAS**           §
**COUNTY OF** Williamson             §

I, Kevin Reuss, declare and verify under penalty of perjury under the laws of the United States of America that the facts stated herein are personally known by me.

After discovering that the Vortens toilet tank in my residence's upstairs bathroom had cracked and caused significant damage to my home, I had the fractured tank removed and disposed of. The water flooded the upstairs bath, and the damage had spread to the upstairs flooring, baseboards, paint, downstairs ceiling, drywall, and carpet. It is my recollection that I attempted to reach Vortens by telephone through their customer service number.

The removal and disposal of the fractured toilet and tank occurred prior to considering retaining an attorney or becoming involved in litigation.

Executed on this 31st day of January, 2018.

_____
KEVIN REUSS

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STEVEN AND JOANNA CONE, MICHAEL AND KIMBERLY AFTOSMES, MARK AND AMBER FESSLER, ANDREW HOCKER, KEVIN REUSS, and MATTHEW CARRERAS on Behalf of Themselves and Those Similarly Situated<br>　　　*Plaintiffs*<br><br>v.<br><br>VORTENS, INC., SANITARIOS LAMOSA S.A. DE C.V., PORCELANA CORONA DE MÉXICO, S.A. DE C.V.<br>　　　*Defendants*. | §§§§§§§§§§§§§§§ | Civil Action File No.<br>4:17-cv-00001<br><br><br><br>Hon. Judge Amos Mazzant<br><br><br><br><br>Jury Trial Demanded |

## PLAINTIFF KEVIN REUSS' ANSWERS TO INTERROGATORIES

TO:   Defendants, Porcelana Corona de Mexico, S.A. de C.V., Sanitarios Lamosa S.A. de C.V., and Vortens, Inc. through their attorney of record: Ms. Melissa Dorman Matthews, Esq. HARTLINE DACUS BARGER DREYER, LLC, 8750 N. Central Expy., Suite 1600, Dallas, Texas 75231

**COMES NOW** Plaintiff, KEVIN RUESS, on his own behalf and as a potential Class representatives on behalf of all similarly situated persons and entities, and submits the following Objections and Answers to Defendant's First Set Interrogatories.

　　　　　　　　　　　　　　　CARPENTER & SCHUMACHER, P.C.

　　　　　　　　　　　　　　　*/s/Rebecca Bell-Stanton*
　　　　　　　　　　　　　　　N. SCOTT CARPENTER
　　　　　　　　　　　　　　　REBECCA BELL-STANTON
　　　　　　　　　　　　　　　Parkway Centre IV
　　　　　　　　　　　　　　　2701 N. Dallas Parkway, Suite 570
　　　　　　　　　　　　　　　Plano, Texas 75093
　　　　　　　　　　　　　　　Telephone: 972-403-1133
　　　　　　　　　　　　　　　Facsimile: 972-403-0311
　　　　　　　　　　　　　　　Email: scarpenter@cstriallaw.com
　　　　　　　　　　　　　　　　　　　rstanton@cstriallaw.com
　　　　　　　　　　　　　　　*ATTORNEYS FOR PLAINTIFFS*

**PLAINTIFF KEVIN REUSS' ANSWERS TO INTERROGATORIES**

**INTERROGATORY NO. 1**: Please describe, in detail, the factual bases for your contention that any Defendant was negligent with respect to the toilet and/or any component part thereof. In answering this Interrogatory, please do not simply restate the allegations of your pleadings, and please provide any and all facts which support your contentions. Your Answer should include, but should not be limited to, a detailed description of any duty any Defendant allegedly owed Plaintiff, how any Defendant allegedly breached any duty, and how any breach of any duty allegedly caused damages to Plaintiff, and should identify each and every act and/or omission on the part of any Defendant upon which you rely on making this allegation.

OBJECTIONS: *Plaintiff objects to the extent this Interrogatory is requires a response different than the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff is not required to provide a narrative response of "any and all facts" supporting his claims – Plaintiff will provide a summary description which is responsive to this Interrogatory, but Plaintiff cannot and does not represent that he has been able to cover everything that might relate to the subject of the inquiry. Further, Plaintiff objects that this Interrogatory seeks information on failure mode and causative analysis that is more properly addressed to an expert or which at this time solely implicates work-product.*

**ANSWER: Subject to the above-stated objections, I own my residence located at 2641 Estefania Lane, Paloma Lake Subdivision, Round Rock, Texas. At the time of purchase, three toilet tanks manufactured by the Defendants were installed in my home. All three of these toilets are marked with the trademark assigned to Vortens and are imprinted as product reference model #3464. I came home from work one day to discover that the Vortens toilet tank in the upstairs bathroom had cracked and water had flooded the upstairs bath. During the time that the water continued to flow into the tank, and consequently through the crack, damage spread to the upstairs flooring, baseboards, paint, downstairs ceiling, drywall, and carpet. As an owner of the Vortens' tanks, I reasonably expected the tanks designed, manufactured, and distributed by the Defendants were done so in such a manner that same would not be susceptible to spontaneous cracking or subject their real and personal property from imminent harm.**

**INTERROGATORY NO. 2**: Please describe, in detail, the factual bases for your contention that your Vortens toilet tank(s) and/or any component part thereof was defective, unsafe, and/or unreasonably dangerous. In answering this Interrogatory, please do not simply restate the allegations of your pleadings, and please provide any and all facts which support your contentions. Your answer should include, but should not be limited to:

A. A precise description of each allegedly defective and unreasonably dangerous part or component;
B. A description of the alleged defect in each part or component;
C. A description of how each allegedly defective and unreasonably dangerous part or component malfunctioned or caused the malfunction of another component or part;

**ANSWER**: My home was built by Plantation Homes, which is also referred to as Wilshire Homes.

**INTERROGATORY NO. 10**: For each Vortens toilet that was installed in your home, please identify the location of each toilet (i.e., master bedroom, guest bathroom, office), and the manufacturing date and model number of each toilet tank.

**ANSWER**: **I had a Vortens toilet installed upstairs, but after it failed I had it removed. The photos produced show the stamping on the inside of the tank. It appears the manufacture date was 2011.**

**INTERROGATORY NO. 11**: For each Vortens toilet that was removed from your home, please identify the location of each toilet (i.e., master bedroom, guest bathroom, office), the date of removal, the person(s) who removed the toilet, and the current location of the toilet.

**ANSWER**: **The upstairs toilet failed, and it is the only tank I have removed at this point due to funding concerns.**

**INTERROGATORY NO. 12**: On what date did you first notify any Defendant of a claim regarding a breach of warranty? In your answer, please include the details of the opportunity you gave any Defendant to cure the alleged breach of warranty.

**ANSWER: A copy of the correspondence sent to Vortens, Inc. and Sanitarios Lamosa S.A. DE C.V. by my lawyers has already been produced, and Plaintiff refers to such document in response.**

**INTERROGATORY NO. 13**: With regard to each alleged breach of warranty by the Defendants, please state the facts which you allege led to the existence of each such warranty; the precise wording of each alleged express warranty upon which you rely (you may instead provide a copy of each such warranty), the manner in which you contend that each alleged breach of warranty caused or contributed to cause any damages which you allege to have sustained, and state the factual basis for such allegations.

OBJECTIONS: *Plaintiff objects to the extent this Interrogatory is requires a response greater than the obligations imposed by the Federal Rules of Civil Procedure. Plaintiff is not required to provide a narrative response supporting their claims – Plaintiff will provide a summary description which is responsive to this Interrogatory, but Plaintiff cannot and does not represent that he has been able to cover everything that might relate to the subject of the inquiry. Further, Plaintiff objects that this Interrogatory seeks information which at this time solely implicates work-product.*

**ANSWER**: **Subject to and without waiving such objections, despite knowing of the low quality of their product and the propensity of the tanks to suddenly crack and break without warning, the Defendants continued the sale of the affected model numbers. These tanks were sold with markings that represented the tanks met certain standards, when these tanks, in fact, did not. Defendants are in possession of the warranty documents and are aware of the**

manner in which they were disposed of, the date of such disposition, and the name and address of the person or entity to whom they were transferred.

**ANSWER**: **The failed toilet was disposed of, and the remaining toilets are still installed in my home.**

**INTERROGATORY NO. 21**: State the name, address and telephone number of each and every person you intend to call as a witness at trial of this case.

**ANSWER: Plaintiffs will provide a witness list in accordance with the Court's Case Management Plan or scheduling order.**

**INTERROGATORY NO. 22**: State the name, address and telephone number of any person who has possession, custody or control of any photographs, drawings, diagrams, videos or other descriptions ("photographs, etc.") of any of your Vortens toilets, any portion, component or assembly thereof; of any alleged defect or non-conforming condition of the subject toilet; any photographs, etc., which evidence, show or set forth the damages allegedly sustained by Plaintiffs, of any other fact or condition relevant to the issues in this action, and list the date and location when such photographs were taken.

OBJECTION: *Plaintiff objects to this Interrogatory as calling for the disclosure of information collected in connection with the investigation of the occurrence out of which the claim has arisen, in reasonable anticipation of litigation, or otherwise subject to the work-product and consulting expert protections against disclosure.*

**ANSWER: Subject to the above-stated objection, photographs of these toilets have already been produced.**

**INTERROGATORY NO. 23**: For every exemplar Vortens toilet and/or toilet tank you or your expert witnesses have examined, inspected, or evaluated, please state identify where the toilet and/or toilet tank came from (i.e. a homeowner, another attorney, etc.), the date it came into your or your expert witness's possession, and identify each of the toilet tanks by model and manufacturing date.

OBJECTION: *Plaintiff objects to this Interrogatory to the extent it seeks information regarding an expert witness. Plaintiff has not yet designated his testifying experts at this time, and materials otherwise subject to the consulting expert privilege, which were obtained in anticipation of litigation, or which are currently solely within the scope of work product are protected from disclosure.*

**ANSWER: Subject to the above-stated objections, a document noting the designation of certain exemplar toilets has been previously produced to your reflecting exemplars retained and/or released for examination.  These exemplars are all now retained at Goodson Engineering. Plaintiffs refer the Defendants to the model numbers and dates of manufacture provided to you as bates-labeled document PLAINTIFF 000187 as well as to the photographs**