# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| STEVEN CONE, ET AL., | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:17-CV-00001 |
| | § | JUDGE MAZZANT/JUDGE JOHNSON |
| v. | § | |
| | § | |
| SANITARIOS LAMOSA S.A. DE C.V., | § | |
| ET AL., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On March 13, 2019, the report of the Magistrate Judge (the "Report") (Dkt. #224) was entered containing proposed findings of fact and recommendations that Defendant Porcelana Corona de Mexico, S.A. de C.V. f/k/a Sanitarios Lamosa S.A. de C.V. a/k/a Vortens' ("Defendant") Motion for Partial Summary Judgment Regarding Plaintiffs' DTPA, Negligent Failure to Warn, and Breach of Implied Warranty Claims (the "Substantive Claims Motion") (Dkt. #137) be denied in part and granted in part and Defendant's Motion for Partial Summary Judgment Regarding Missing Evidence (the "Missing Evidence Motion") (Dkt. #138) be denied.

Defendant filed objections to the Report (Dkt. #226). The Court has made a *de novo* review of the objections (the "Objections") raised by Defendant and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate findings of the Magistrate Judge.

## I. BACKGROUND

The action arises from alleged manufacturing and/or marketing defects in certain ceramic Vortens toilet tanks. Plaintiffs' Second Amended Complaint and Class Action (Dkt. #74) is the operative complaint herein. The toilet tanks at issue were manufactured, designed, produced, and distributed by Sanitarios Lamosa, now known as Porcelana Corona. *See* Dkt. #74 at ¶¶ 16-17. As a result of their claimed damages, Plaintiffs have alleged four causes of action against Defendant: (1) strict products liability; (2) breach of implied warranty; (3) negligence; and (4) violations of the Texas Deceptive Trade Practices Act ("DTPA"). *Id.* at ¶¶ 119-157. Plaintiffs seek injunctive relief and monetary damages, including exemplary damages, treble damages under the DTPA, and attorneys' fees. *Id.* at ¶¶ 158-165. Plaintiffs also seek to represent a putative class defined as all owners of Vortens toilet tank models #3464, #3412, #3404, #3425, and #3436, manufactured by Defendant between 2004-2012 (*see* i*d.* at ¶¶ 96-97), and Plaintiffs' Second Motion for Class Certification (Dkt. #194) is currently pending before the Court.

## II. DISCUSSION

Defendant's Objections merely reassert the same arguments already addressed by the Magistrate Judge in her Report, and Defendant fails to provide any new information or legal arguments to establish that it is entitled to summary judgment as a matter of law. Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

Defendant first objects to the Magistrate Judge's finding that Defendant is not entitled to summary judgment on Plaintiffs' DTPA claim. Defendant continues to rely on *Ketter v. ESC Med. Sys., Inc.*, 169 S.W.3d 791, 796 (Tex. App. 2005), for the argument that Plaintiffs' DTPA breach of warranty claims fail for the same reason as their UCC breach of warranty claims. As explained in the Report, *Ketter* is distinguishable because in that case, the court found no need to distinguish between the UCC and DTPA because "the product's merchantability [was] a necessary part of the warranty and thus necessary to prove or disprove the warranty under both the UCC and the DTPA." *Id.* (citing *Ketter*, 169 S.W.3d at 796). Accordingly, the Magistrate Judge concluded that *Ketter* does not support a blanket assertion that DTPA and UCC breach of warranty claims are one and the same in all cases. Dkt. #224 at 12. Because the Court finds no error in the Magistrate Judge's conclusion, Defendant's Objection regarding Plaintiffs' DTPA claim is overruled.

Defendant next objects to the Report's finding that, in light of Plaintiffs' broad-ranging allegations of negligence, disposing of the narrow issue of whether Defendant undertook a duty to warn and then failed in that duty is not a proper use of the summary judgment mechanism. *See* Dkt. #224 at 14. The Court agrees this is a question that should be presented to the factfinder, and thus, Defendant is not entitled to summary judgment of Plaintiffs' negligent failure to warn claim on this basis. Therefore, Defendant's Objection as it pertains to Plaintiffs' negligent failure-to-warn claim is overruled.

Finally, Defendant objects to the Report's finding with respect to the missing toilet tanks and tank parts. However, Defendant's Objection merely reargues the reasons it believes the evidence offered by Plaintiffs in lieu of the missing tanks is insufficient. Defendant's complaints merely go to the weight of the evidence, which, as the Magistrate Judge explained, demonstrates

the existence of genuine issues of material fact. *Id*. at 7. The Court agrees with the Magistrate Judge's conclusion that Plaintiffs' evidence is not so "wholly inadequate" that a fact finder could not conclude that a product defect was responsible for Plaintiffs' damages. *Powe v. Wagner Electric Sales Corp.*, 589 F. Supp. 657 (S.D. Miss. 1984). Accordingly, summary judgment is improper on this basis.

### III. CONCLUSION

For the foregoing reasons, the Court finds no error in the Magistrate Judge's recommendations, and Defendant's Objections are **OVERRULED**.

**IT IS THEREFORE ORDERED** that:

1. Defendant's Motion for Partial Summary Judgment Regarding Missing Evidence (Dkt. #138) is **DENIED**; and

2. Defendant's Motion for Partial Summary Judgment Regarding Plaintiffs' DTPA, Negligent Failure to Warn, and Breach of Implied Warranty Claims (Dkt. #137) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

    a. Summary judgment of Plaintiffs' DTPA and negligent failure-to-warn claims is **DENIED** as to all Plaintiffs, and those claims should proceed at this time;

    b. Summary judgment of Plaintiffs' UCC breach of warranty claims is **GRANTED** as to Plaintiffs Hocker, Carreras, Reuss, the Fessler Plaintiffs, and the Stone Plaintiffs, as these claims are time barred; and

    c. Summary judgment of Plaintiffs' UCC breach of warranty claims are **DENIED** as to the Handly Plaintiffs and the Sousa Plaintiffs.

**IT IS SO ORDERED**.

 **SIGNED this 29th day of March, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE