# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| STEVEN AND JOANNA CONE, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | CASE NO. 4:17-CV-00001-ALM-KPJ |
| VORTENS, INC., SANITARIOS | § | |
| LAMOSA S.A. DE C.V., and | § | |
| PORCELANA CORONA DE MEXICO, | § | |
| SA. DE C.V., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. Following multiple rounds of briefing, a hearing, additional depositions and a variety of motions to strike and supplement, on July 24, 2019, the Magistrate Judge held a final hearing[1] (the "Hearing") on Plaintiff's Second Motion for Class Certification and Incorporated Memorandum in Support (Dkt. #194). On September 4, 2019, the Magistrate Judge entered proposed findings of fact and recommendations (the "Report") (Dkt. #247) that Plaintiff's Second Motion for Class Certification and Incorporated Memorandum in Support (Dkt. #194) be granted in part and denied in part. Defendant timely filed objections to the Report (Dkt. #249).

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)-(3). Objections

---
[1] *See* Dkt. #238; Transcript at Dkt. #246.

to a report must specifically identify portions of the report and the basis for those objections. FED. R. CIV. P. 72(b); *see also Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (explaining that if the party fails to properly object because the objections lack the requisite specificity, then de novo review by the court is not required). In other words, a party objecting to a magistrate judge's report must specifically identify those findings to which he or she objects.

Defendant first objects that Defendant's counsel did not concede there is a question common to the "Proposed Class"[2] (Dkt. #249 at 1). The relevant inquiry for class certification is whether "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). "The threshold of 'commonality' is not high." *Jenkins v. Raymark Indus., Inc.*, 782 F.2d 468, 472 (5th Cir. 1986). Commonality requires "only that resolution of the common questions affect all or a substantial number of the class members." *Id.*, 782 F.2d at 472; *see also Lightbourn v. County of El Paso, Tex.*, 118 F.3d 421, 426 (5th Cir. 1997) ("The commonality test is met when there is at least one issue, the resolution of which will affect all or a significant number of the putative class members."). The Magistrate Judge considered proposed questions of fact and law presented by Plaintiffs and found that Plaintiffs identified questions common to the Proposed Class. The Magistrate Judge identified the following common questions:

1. whether Defendant was on notice that tanks identified in the Proposed Class were produced outside of industry specifications for ceramic sanitaryware;

2. whether tanks identified in the Proposed Class were produced subject to manufacturing process errors;

---

[2] The Proposed Class is defined as:

All Texas owners of a Vortens toilet tank models #3464 and #3412, manufactured at the Benito Juarez plant, with a manufacturing date 2007-2010.

Dkt. #247 at 3.

3. whether tanks identified in the Proposed Class are eligible for warranty relief;

4. whether Defendant may decline claims for warranty relief after the litigation concludes; and

5. whether the warranty provision includes both replacement and installation.

(Dkt. #247 at 8). The Court agrees with the Magistrate Judge that Plaintiffs have identified questions common to the Proposed Class, regardless of Defendant's position on the issue.[3] Therefore, this objection is **OVERRULED**.

Defendant also objects that the Magistrate Judge did not sufficiently consider the evidence as required by Fed. R. Civ. P. 23, when making a finding on whether the members of the Proposed Class were harmed in essentially the same way (Dkt. #249 at 2). Defendant objects to the *finding* in the Report but does not identify a basis for a challenge to what the Magistrate Judge *considered*. The Magistrate Judge noted in the Report that it held "multiple hearings on this matter, has reviewed the extensive, shifting briefing by the parties in detail, and has worked toward a process which will address and settle issues in a manner that is advantageous to both sides of this dispute." (Dkt. #247). The Report and the transcripts of the hearings evidence that the Magistrate Judge engaged heavily with multiple rounds of briefing and specifically worked with the parties to clarify what variables might functionally impact manufacturing differences at Defendant's plants (Dkt. #246 at 31-37). The Court finds no error in the Magistrate Judge's determination and this objection is **OVERRULED**.

Defendant requests an opportunity for reconsideration and supplementation in light of the modified class definition (Dkt. #249 at 3). Defendant contends the Proposed Class was only

---

[3] The Court notes the Report does misattribute a quotation by the Magistrate Judge to Defendant's counsel (Dkt. 247 at 8). The error, likely due to a misreading of an exchange between Defendant's counsel and the Magistrate Judge in reviewing the transcript, is of no consequence to the relevant analysis before the Court. The Report comments on Defendant's position but bases the finding of commonality on Plaintiffs' identification, and the Magistrate Judge's finding, of common questions.

narrowed when the Hearing was almost completed; however, narrowing the class was a main subject of the entire Hearing. *See, e.g.* Dkt. #246 at 11–12 (discussing modification of certification to only include tanks manufactured at the Benito Juarez plant). Further, the scope of the Proposed Class was not *broadened*, such that supplementation might be appropriate. The Proposed Class was, rather, substantially *narrowed*. Taking into full consideration the briefing and hearings on this matter, the Court finds additional supplementation is unwarranted.

Defendant objects that the merits of Plaintiffs' manufacturing defect claim must be addressed prior to certification (Dkt. #249 at 5). Defendant presents no case law or rule for this proposition. Defendant cites a number of cases relevant to its argument that each tank will eventually need to be inspected to demonstrate causation and that individual inquiries into causation may preclude class certification (Dkt. #249 at 4–5). Defendant cites cases where courts identified different barriers to certification, but no case in which it was found that the merits of a manufacturing defect claim must be addressed prior to certification.

As the Magistrate Judge noted in the Report, although the court should "perform a 'rigorous analysis' to determine whether to certify a class, it may not require a plaintiff to establish his claims at the class certification stage." *See Booth v. Galveston Cty.*, No. 3:18–cv–00104, 2019 WL 1129492, at *1-2 (S.D. Tex. March 12, 2019) (quoting *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)); *see also Amgen Inc. v. Conn. Ret. Plans and Trust Funds*, 568 U.S. 455, 466 (2013) ("Rule 23 grants courts no license to engage in free–ranging merits inquiries at the certification stage. Merit questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied.") (citation omitted). Simply stated, the certification stage is not a "dress rehearsal for the merits." *In re Deepwater Horizon*, 739 F.3d 790, 811 (5th Cir. 2014).

Additionally, the Report specifically details a division of the case into phases such that legal and factual issues regarding the merits of Plaintiffs' claims will be addressed before notice may be issued to the Proposed Class (Dkt. #247 at 13). The Court finds no error in the Magistrate Judge's determination that the merits of Plaintiffs' manufacturing defect claim need not be resolved prior to certification, and this objection is **OVERRULED**.

Finally, Defendant objects that the Report incorrectly finds that a warranty claim will exist even if there is no manufacturing defect (Dkt. #249 at 5). Defendant bases the objection on a sentence in the Report that reads: "In particular, even if Plaintiffs are unable to demonstrate a manufacturing defect, the Court finds that the questions of law related to the warranty claim are common to the Proposed Class." (Dkt. 247 at 8). The statement, in context, does not carry the meaning Defendant applies to the statement; it rather comes from a discussion at the Hearing of whether there are questions of fact or law common to the Proposed Class (Dkt. 247 at 6–7). Defendant focused a great deal of its briefing and oral arguments on the issue of whether Plaintiffs will *ultimately* be able to demonstrate a manufacturing defect. The Report notes that, regardless of Plaintiffs' capacity to ultimately succeed in proving their case, in part by demonstrating a manufacturing defect, they successfully identified common questions related specifically to the warranty portion of their claims. For example, "whether the warranty provision includes both replacement and installation." (Dkt. #247 at 8).

The statement in the Report is not that the *ultimate* issue of demonstrating a manufacturing defect is inessential to make out a warranty claim; it is merely delineating the issues to identify common questions. The Court, therefore, finds no error in the Magistrate Judge's determination, and this objection is **OVERRULED**.

It is, therefore, **ORDERED** Plaintiff's Second Motion for Class Certification and Incorporated Memorandum in Support (Dkt. 194) is **GRANTED IN PART and DENIED IN PART** to the extent described in the Report.

**IT IS SO ORDERED.**

 **SIGNED this 26th day of September, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE