IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| STEVEN AND JOANNA CONE, | § | Civil Action File No. |
| MARK AND AMBER FESSLER, | § | 4:17-cv-00001 |
| ANDREW HOCKER, MATTHEW CARRERAS, | § | |
| AARON AND STACEY STONE, and | § | Hon. Judge Amos Mazzant/ |
| DANIEL AND SHARON SOUSA | § | Hon. Magistrate Judge Priest-Johnson |
| on Behalf of Themselves and | § | |
| Those Similarly Situated | § | PLAINTIFFS' MOTION FOR AN |
| _Plaintiffs_ | § | AWARD OF SERVICE |
| | § | INCENTIVES, ATTORNEYS' |
| v. | § | FEES AND REIMBURSEMENT |
| | § | OF LITIGATION EXPENSES AND |
| PORCELANA CORONA DE MÉXICO, S.A. | § | BRIEF IN SUPPORT THEREOF |
| DE C.V f/k/a SANITARIOS LAMOSA S.A. | § | |
| DE C.V. a/k/a Vortens | § | |
| _Defendant_. | § | |

**PLAINTIFFS' MOTION FOR AN AWARD OF SERVICE INCENTIVES,
ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES
AND BRIEF IN SUPPORT THEREOF**

COMES NOW Plaintiffs, by their undersigned counsel, and seek this Honorable Court's

Order approving the requested service award for class representatives, and payment of attorneys'

fees and expenses for the successful work done and outstanding result obtained in this case. After

nearly three years of litigation, Class counsel has succeeded in obtaining significant benefits for

aggrieved consumers, including cash reimbursement of replacement expenses for past fractures and

non-cash warranty extension benefits affecting tens of thousands of tank product. Therefore, in

support of this Motion, Plaintiffs respectfully submit that the requested awards, fees and

reimbursement of costs and expenses are fair and reasonable under the applicable standards and

should, therefore, be awarded by the Court as follows:

## TABLE OF CONTENTS

TABLE OF CONTENTS......................................................................................................ii

TABLE OF AUTHORITES ...............................................................................................iii

CRITICAL CONSIDERATIONS AND SIGNIFICANT EVENTS ..............................................1

    Case No. 4:19-cv-00248 Pending Fee/Expense Application ................................1

    Case No. 4:17-cv-00001 Current Application ....................................................2

SUMMARY OF THE SETTLMENT AND APPLICATION..........................................................3

AUTHORITY AND ANALYSIS...........................................................................................4

I.      THE COURT SHOULD APPROVE SERVICE AWARDS OF $7500 FOR THE CLASS
       REPRESENTATIVES ..............................................................................................4

II.    THE COURT SHOULD AWARD THE ATTORNEYS' FEES AND EXPENSES.............................5

    A.    Fees Are Sought Under the "Lodestar Method" .......................................6

    B.    Consistency with Prior Application in Cause No. 4:19-cv-00248..........8

    C.    Fee Enhancement is Appropriate ...........................................................9

         1.    Factors One and Two: Time, Labor, Novelty and Difficulty ...................10

         2.    Factors Three and Nine: Skill required to perform the legal service
             properly and the experience, reputation and ability of the attorneys........11

         3.    Factor Six: Fixed or Contingent Fee ............................................11

         4.    Factors Seven and Eleven: Time limitations; Nature and length of
             the professional relationship with the client ...............................12

         5.    Factor Eight: Amount involved and the results obtained ...........................12

         6.    Factor Ten: Undesirability of the action ..................................13

          7.    Factor Twelve: "similar cases"..................................................13

    D.    Reimbursement of Expenses....................................................................14

CONCLUSION.................................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                                          **<u>Page(s)</u>**

*Al's Pals Pet Care v. Woodforest Nat'l Bank, NA,*
   2019 WL 387409 (S.D. Tex. 2019) ........................................................................................4

*Billitteri v. Sec. Am., Inc.,*
   2011 WL 3585983 (N.D. Tex. 2011)......................................................................................6

*Buettgen v. Harless,*
   2013 WL 12303194 (N.D. Tex. 2013)..................................................................................13

*Ceats, Inc. v. TicketNetwork, Inc.,*
   2019 WL 1857888 (E.D. Tex. April 25, 2019)........................................................................9

*City of San Antonio, Texas v. Hotels.com, L.P.,*
   2017 WL 1382553 (W.D. Tex. 2017)...............................................................................5, 13

*DeHoyos v. Allstate Corp.,*
   240 F.R.D. 269 (W.D. Tex.2007).................................................................................4, 9, 15

*Di Giacomo v. Plains All Am. Pipeline,*
   2001 WL 34633373 (S.D. Tex. 2001) ....................................................................................9

*Duncan v. JPMorgan Chase Bank, N.A.,*
   2016 WL 4419472 (W.D. Tex. 2016), *Report and Recommendation Adopted,*
   2016 WL 4411551 (W.D. Tex. 2016)....................................................................................4

*Erica P. John Fund, Inc. v. Halliburton Co.,*
   2018 WL 1942227 (N.D. Tex. 2018)....................................................................................13

*Forbush v. J.C. Penny Co.,*
   98 F. 3d 817 (5th Cir. 1996) ..................................................................................................5

*Grant v. Martinez,*
   973 F.2d 96 (2d Cir. 1992), *Cert. Denied,*
   506 U.S. 1053 (1993).............................................................................................................6

*Halleen v. Belk, Inc.,*
   2018 WL 6701278 (E.D. Tex. 2018) .....................................................................................4

*Hensley* v. *Eckerhart,*
   461 U.S. 424 (1983),.......................................................................................................6, 12

*In re Dell Inc.*,
  2010 WL 2371834 (W.D. Tex. June 11, 2010) *Aff'd, Appeal Dismissed Sub Nom*,
  669 F.3d 632 (5th Cir. 2012) ................................................................................13

*In re Enron Corp. Securities, Derivative & ERISA Litig.*,
  586 F. Supp. 2d 732 (S.D. Tex. 2008) .......................................................................9

*In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*,
  851 F.Supp. 2d 1040 (S.D. Tex. 2012) .......................................................................7

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
  19 F.3d 1291 (9th Cir. 1994) ..................................................................................7

*Int'l Woodworkers of Am., AFL-CIO & Its Local No. 5-376 v. Champion Int'l Corp.*,
  790 F.2d 1174 (5th Cir. 1986) ................................................................................12

*Johnson v. Georgia Highway Express*,
  488 F.2d 714 (5th Cir. 1974) ........................................................................ *passim*

*Jones v. Diamond*,
  636 F.2d 1364 (5th Cir. 1981) ...............................................................................12

*Klein el al. v. O'Neal, Inc. et al.*,
  705 F.Supp. 2d 632 (N.D. Tex. Apr. 9, 2010) ...........................................................9

*LeBlanc-Sternberg v. Fletcher*,
  143 F.3d 748 (2d Cir. 1998)...................................................................................7

*OneBeacon Ins. Co. v. T. Wade Welch & Assocs.*,
  2015 WL 5021954 (S.D. Tex. Aug. 24, 2015) .........................................................13

*Mills v. Electric Auto-Ute Co.*,
  396 U.S. 375 (1970)..............................................................................................14

*NSEW Holdings LLC v. Wells Fargo Bank, N.A.*,
  2017 WL 1030313 (E.D. Tex. 2017) (Mazzant, J.) ..................................................10

*Rappaport v. State Farm Lloyds*,
  2001 WL 1467357 (5th Cir. 2001) (per curiam)........................................................6

*Rutherford v. Harris Cty., Tex.*,
  197 F.3d 173 (5th Cir. 1999) ..................................................................................9

*Schwartz v. TXU Corp.*,
  2005 WL 3148350 (N.D. Tex. 2005)........................................................................11

*Stratton v. XTO Energy, Inc.,*
   2012 WL 407385 (Tex.App.- Fort Worth Feb. 9, 2012, no pet.) ...........................................14

*Strong v. Bell South Telecommunications, Inc.*
   137 F. 3d at 844 (5th Cir. 1998) ...............................................................................5

*Tex. Commerce Bank Nat'l Ass'n v. Capital Bancshares, Inc.*,
   907 F.2d 1571 (5th Cir. 1990) .................................................................................5

*Tony Gullo Motors I, L.P. v. Chapa,*
   212 S.W.3d 299 (Tex. 2006)....................................................................................8

*Union Asset Management Holding, A.G. v. Dell*,
   669 F3d 632 (5th Cir. 2012) ....................................................................................9

## **Rules and Statutes**                **Page(s)**

Fed.R.Civ.P. 23(h) ..................................................................................... *passim*

## CRITICAL CONSIDERATIONS AND SIGNIFICANT EVENTS

It is necessary to briefly discuss a critical threshold issue as a part of the subject Application. Specifically, the instant request comes at the conclusion of three years of litigation but in a unique procedural context – the content and scope of the prior and still pending Plaintiffs' Application for Fees and Expenses in the severed action. [Ex. A-2: AMENDED PROPOSED ORDER APPROVING FEES (4:19-cv-00248; Dkt.40)].  In order to avoid any question of "double recovery" in fees or expenses, synchronicity must exist between the prior application and current submission.

**Case No. 4:19-cv-00248 Pending Fee/Expense Application.**  The original Settlement, which was severed from this cause in April 2019 [Dkt.229], only occurred after a lengthy and hard-fought battle involving multiple trips to Mexico, visual and destructive inspections, expert testing and reports, party and expert depositions, class certification briefing, and multiple full-day mediation sessions. Plaintiffs provided documentation in the form of time records establishing the number of hours expended by each timekeeper as well as a description of the tasks performed.[1] Plaintiffs further provided proof of Class Counsel's reasonable rates through the declarations of other attorneys practicing class action litigation in the relevant market, Class Counsel's declarations and resumes, and third-party survey resources.[2]

Defendant objected to the time and expense records submitted in the severed action on three primary contentions: (1) certain entries should be reduced or eliminated as duplicative or unnecessary; (2) further segregation of activities was necessary and required wholesale removal of identified entries; and (3) after all other reductions are taken, a request the Court lastly apply a

---

[1]    *See* 4:19-cv-00248 - Dkt.21; 20.5.  The submitted time records reflected that billing judgment and auditing had occurred as to assigned tasks and timekeepers. Additionally, the time records were reduced by the exclusion of interoffice communications, database maintenance, electronic downloads, case administration tasks, calendaring, and clerical work prior to submission to the Court.  **All activities related solely to the Second Motion for Class Certification were withheld from submission.** *See* 4:19-cv-00248 - Dkt.21; 20.5; 25, 25.2, 33, 33.3, 33.4, 34.1.

[2]    *See* 4:19-cv-00248 - Dkt. 20.4-20.9; *see also* Appendix Ex. E – Attorney Dec.; F – NALFA Survey.

1

retroactive percentage formula to all entries from the inception of the litigation.  In response, Class Counsel made voluntary adjustments to the fee request to account for the line-item objections and further to remove the "remaining claims" individual plaintiff discovery.[3]  However, two issues remained in dispute – whether all wholly discrete activities were segregated; and the proposed sliding scale adjustment to every activity not **solely** beneficial to the settlement class.

The Order of Final Approval of Settlement in Cause No. 4:19-cv-00248 was only made possible by the totality of efforts in litigating a heavily-contested products liability class action up through and including the August 29, 2019 hearing.  Class Counsel segregated the wholly discrete individual discovery and briefing actions clearly distinct to the "remaining claims," and only requested recovery of fees and expenses incurred in litigating the common core of facts, discovery, and related legal theories and the pending Amended Proposed Order in that action contemplates recovery of the final base lodestar and an appropriate enhancement percentage within the range approved by the Fifth Circuit. [Ex. A-2: AMENDED PROPOSED ORDER APPROVING FEES (4:19-cv-00248; Dkt.40)].

**Case No. 4:17-cv-00001 Current Application**. This filing relies on the critical but necessary presumption that this Honorable Court does not strike any portion of the base lodestar requested in the severed action based on either a "needs more segregation" objection or Defendant's novel retroactive "percentage of the benefit" theory.  ***Assuming this significant caveat***, Plaintiffs request herein only the "remaining claims" fees and expenses not sought in the 4:19-cv-00248 application (Ex.A), thus avoiding any actual or inferred double recovery. To the extent, however, this Court diminishes or reduces the award in the severed action, Plaintiffs respectfully reserve the right to supplement this Application accordingly.

---

[3]      *See* 4:19-cv-00248 - Dkt. 25, 25.2, 33, 33.3, 33.4, 34.1.

## SUMMARY OF THE SETTLEMENT AND APPLICATION

This Court is well-aware of the procedural and substantive history of this hard-fought litigation. The Parties have now reached a Settlement that concludes this litigation in its entirety and provides substantial, real and immediate class benefits:[4] (1) cash reimbursement of replacement costs for prior fractured Class Tanks with proof of out-of-pocket expenses;[5] (2) interpretation "replacement costs" as a part of the warranty benefits for Class Tanks; and (3) an extension of the original Class Tank warranty up through and including December 31, 2020. Through the appointment of a third-party administrator and the enforcement authority of this Court, the Settlement provides an additional layer of oversight in the administration of this relief, all of which occurring without any cost to the Class. *See* Ex. I-1: SETTLEMENT MEMORANDUM; I-2: SETTLEMENT AGREEMENT.  Due to the dedicated participation of the individual Plaintiffs and Class Counsel's vigorous, persistent, and skilled efforts, the Settlement stands as an exceptional result in the face of substantial risk.

The Settlement includes Porcelana's agreement to separately pay awards to each Representative Stone and Representative Sousa (although the Parties disagree as to the appropriate amount) and further reimburse Class Counsel for reasonable expenses.  In accordance with the Memorandum of Understanding, the Settlement Agreement, Fifth Circuit precedent, and the representations made before this Honorable Court on August 29, 2019 as to the absence of "double recovery" in seeking attorney's fees and expense reimbursement, Plaintiffs present herein a wholly segregated lodestar, without duplication of the prior fee or expense request.

---

[4]     The Settlement provides a remedy for all Texas owners of toilet tanks models #3412 and #3464 manufactured between 2007-2010 at the Defendant's Benito Juarez plant, hereinafter described as the "Class Tanks."

[5]     In addition to the cash benefits and warranty extensions, the Settlement creates a replacement program option for Class Members residing in areas designated as 2007-2010 high distribution locations to receive installation of Porcelana's replacement tank product at no cost.

## AUTHORITY AND ANALYSIS[6]

### I.   The Court Should Approve Service Awards of $7500 for the Class Representatives.

Service payments recognize the time, effort and risks class representatives undertake on behalf of a class.  *See Halleen v. Belk, Inc.,* 2018 WL 6701278 (E.D. Tex. 2018). "District courts in the Fifth Circuit routinely award $5,000-$10,000 per named plaintiff." *Duncan v. JPMorgan Chase Bank, N.A.*, 2016 WL 4419472, at *16 (W.D. Tex. 2016), *report and recommendation adopted*, 2016 WL 4411551 (W.D. Tex. 2016); *DeHoyos v. Allstate Corp.,* 240 F.R.D. 269, 340 (W.D. Tex. 2007); *see also Al's Pals Pet Care v. Woodforest Nat'l Bank, NA*, 2019 WL 387409, at *5 (S.D. Tex. 2019) (approving $10,000 service award).

Although Defendant agreed with the $7,500 award in the segregated action,[7] it would not agree to an equal award for Representatives Sousa or Stone. The service award requested reflects efforts in gathering and communicating information to counsel and acting as the public face of the litigation. The class representatives made their tanks available for inspection and testing and have now been engaged in this litigation process for a period longer than the representatives that already received the suggested $7,500 award.  Each assisted with the investigation and preparation of this litigation, gathered documents for production, answered written discovery, stood ready to appear for deposition and trial, and assisted counsel throughout the litigation process. They stayed abreast of the litigation and performed a valuable service in obtaining the ultimate success of the Settlement on behalf of the Class. A service award of $7,500 is well-deserved and Class Counsel respectfully requests that the Court approve same.

---

[6]    LR CV-7(a)(2) instructs that non-dispositive motions shall not exceed fifteen pages. In lieu of seeking additional pages to discuss the background of this litigation in great detail, Plaintiffs refer to and incorporate the certification briefing, Joint Motion for Preliminary Approval, its exhibits, and the attached Appendix.

[7]    ORDER APPROVING CLASS ACTION SETTLEMENT (4:19-CV-00248 DOC.41)

## II.      The Court Should Award the Requested Attorneys' Fees and Expenses.

Rule 23(h) of the Federal Rules of Civil Procedure states that, "[i]n a certified class action, the court may award reasonable attorney's fees and non-taxable costs that are authorized by law or by the parties' agreement." FED. R. CIV. P. 23(h). The Settlement Agreement states Class Counsel should be awarded reasonable attorneys' fees.[8]  Resolution of the *amount* of fees, however, is particularly difficult. The Parties agree there should be no "double recovery" in fees and expenses.  Therefore, any further negotiation of fees, expenses and costs in this action (4:17-cv-00001) was stymied by concerns of waiver of argument, application, or objection asserted in the severed action.  It is, therefore, with the significant caveat discussed above – i.e., the presumption that the base lodestar in the severed action is not further adjusted on the basis of a segregation or arbitrary percentage objection – that Class Counsel now seeks recovery of appropriate fees and expenses not previously included in Cause No. 4:19-cv-000248. *See* Exhibit A (*compare* Ex.A-1 *with* Ex.A-2).

"An award of attorneys' fees is entrusted to the 'sound discretion' of the district court." *City of San Antonio, Texas v. Hotels.com, L.P.,* 2017 WL 1382553, at *5 (W.D. Tex. 2017) (quoting *Tex. Commerce Bank Nat'l Ass'n v. Capital Bancshares, Inc.,* 907 F.2d 1571, 1575 (5th Cir. 1990)); *see also Strong v. BellSouth Telecommunications, Inc.,* 137 F.3d 844, 850 (5th Cir. 1998); *Forbush v. J.C. Penney Co.,* 98 F.3d 817, 821 (5th Cir. 1996).  Additionally, findings of fact supporting the award will only be reviewed under a "clear error" standard. *Strong,* 137 F.3d at 850.  "The Court has the ability to consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of

---

[8]        The Appendix to this Motion is an integral part of this submission.  Class Counsel respectfully refer the Court to it for a detailed description of the factual and procedural history of the litigation, the claims asserted, the thorough and efficient work Lead Counsel performed, the settlement negotiations, and the numerous risks and uncertainties presented in this litigation

witnesses as to value." *Billitteri v. Sec. Am., Inc.*, 2011 WL 3585983, at \*9 (N.D. Tex. 2011).

     A.     <u>Fees Are Sought Under the "Lodestar Method"</u>

The award sought here is based on Class Counsel's lodestar, which is determined by multiplying the number of hours reasonably expended on the litigation by the timekeeper's hourly rate. *See Hensley* v. *Eckerhart,* 461 U.S. 424, 447-49 (1983). [Ex. A-1: BILLING RECORDS]. The Fifth Circuit described the "lodestar method" as the "most useful starting point for determining the amount of a reasonable fee." *Rappaport v. State Farm Lloyds*, 2001 WL 1467357, at \*3 (5th Cir. 2001) (per curiam) (quoting *Hensley*, 461 U.S. at 433 (1983)).

Class Counsel has tracked and calculated the total lodestar of attorneys and professional support staff in representing Plaintiffs in the matter being settled. *See* Ex. A-1: BILLING RECORDS; Ex. C: CARPENTER DECLARATION; Ex. D. BELL-STANTON DECLARATION. This Fee Application, however, does not seek recovery for any timekeeper or task other than the actions of Lead Class Counsel, Scott Carpenter and Rebecca Bell-Stanton, reserving instead the opportunity for the Court to consider the dedication and efforts of the firm on a more holistic basis under the *Johnson* factors discussed below. *See* Ex. A-1: BILLING RECORDS; Ex. D. BELL-STANTON DECLARATION. The assigned hourly rates of counsel are no different than previously requested and supported by appropriate proof and same are well justified by the firm's expertise in this type of litigation and by the rates charged in the relevant and respective community. *See* Ex. A-1: BILLING RECORDS; Ex. C: CARPENTER DECLARATION; Ex. D. BELL-STANTON DECLARATION.

"The relevant issue \* \* \* is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez,* 973 F.2d 96, 99 (2d Cir. 1992), *cert. denied,* 506 U.S. 1053 (1993). Throughout the course of the litigation, Class Counsel

exercised billing judgment and acted to reduce the hours billed to this litigation by avoiding duplicative work and working collaboratively and efficiently. *See* Ex.D: BELL-STANTON DECLARATION.  Assignments were made in a coordinated manner to assign work to attorneys and professional staff whose talents best fit the tasks. *Id.* In sum, Class Counsel were sensitive to and worked diligently to avoid unnecessary duplication of time, effort, and expense. *Id.*

The second prong in determining a base lodestar requires multiplying the reasonable hours by current class action rates charged by Class Counsel and in the community in which the litigation is conducted. This is appropriate given the deferred nature of counsel's compensation. *LeBlanc-Sternberg* v. *Fletcher,* 143 F.3d 748, 764 (2d Cir. 1998) ("[C]urrent rates, rather than historical rates, should be applied in order to compensate for the delay in payment"); *In re Wash. Pub. Power Supply Sys. Sec. Litig.,* 19 F.3d 1291, 1305 (9th Cir. 1994).  Class Counsel's current hourly rates are reasonable considering prevailing market rates for lawyers with comparably high levels of experience and expertise in complex litigation. [APPX]; *see In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig*., 851 F.Supp. 2d 1040, 1087-88 (S.D. Tex. 2012) (evaluating hourly rates by comparing prevailing market rates for lawyers with comparable experience and expertise, holding that an attorney's requested rate is *prima facie* reasonable when computed at his or her customary billing rate).

The lodestar connected to this Fee Application, $229,768.00, represents solely the segregable reasonable hours spent in litigating discrete activities separated from the severed action and up through the current date by Scott Carpenter and Rebecca Bell-Stanton. *See* Ex. A-1: BILLING RECORDS. BELL-STANTON DECLARATION. As noted in the briefing herein and summarized in the Master Lodestar Summary, Class Counsel submitted a Fee Application in June 2019 (later adjusted in accordance with objections and voluntary reductions) that reflects all

events and activities that were inextricably intertwined such that further segregation was neither required or possible. *See* Ex. A-2: AMENDED PROPOSED ORDER APPROVING FEES (4:19-cv-00248; Dkt.40). Therefore, on the presumption that this limited lodestar constitutes the hours expended for discrete activities not already sought or otherwise awarded, Plaintiffs and Class Counsel requested this separated fee award, which in no way constitutes a double recovery by counsel. *See* Ex. A-1: BILLING RECORDS; Ex. D. BELL-STANTON DECLARATION.

B. Consistency with Prior Application in Cause No. 4:19-cv-00248

Plaintiffs agree that segregation of time entries for fees relating "solely to an unrecoverable claim" is necessary under Texas law. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 313–14 (Tex. 2006). Of course, when the legal services provided advance both a recoverable and unrecoverable claim such services are considered so intertwined that they need not be segregated. *Id.* at 313-14. The instant Application constitutes a request for fees and expenses not included in the Fee Application still pending in the severed action.

In anticipation that Defendant will default to the same arbitrary attempt to reduce the itemized tasks by assigning a valuation percentage to the work performed, Plaintiffs feel compelled to remind the Court of its inapplicability. There is a reason no citation or authority has ever been provided by Defendant in support of reducing the fee on a retroactive "value to the class" process – none is available. The time spent prosecuting this action through discovery, depositions, motions, hearings, or mediation cannot be parsed out to the minimal percentages suggested.

*As segregated from prior submissions*, Scott Carpenter spent **80.90** hours in the prosecution of the discrete aspects of this class action litigation to this just resolution. Ex. A-1: BILLING RECORDS; Ex. C: CARPENTER DECLARATION. *As segregated from prior submissions,* Rebecca Bell-

Stanton spent **257.10** hours. Ex. A-1: Billing Records; Ex. D. Bell-Stanton Declaration. The appropriate calculation, therefore, is to multiply such hours by the assigned hourly rate for each attorney.  As a result, Class Counsel seeks a finding that the base lodestar is **$229,768.00**. *See* Exhibit A.

>          B.       Fee Enhancement is Appropriate

The determination of a reasonable fee does not end at the multiplication of the number of hours expended on the litigation by the hourly rate - the second step of the lodestar method relies upon the Court's discretion in considering "whether the lodestar amount should be adjusted upward or downward, depending on the circumstances of the case and based on the factors set out in *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974)." *Ceats, Inc. v. TicketNetwork, Inc*., 2019 WL 1857888, at *2 (E.D. Tex. Apr. 25, 2019) (quoting *Rutherford v. Harris Cty., Tex.*, 197 F.3d 173, 192 (5th Cir. 1999); *Union Asset Management Holding, A.G. v. Dell*, 669 F3d 632, 642-643 (5th Cir. 2012); *see also Klein el al. v. O'Neal, Inc. et al*., 705 F.Supp. 2d 632, 680 (N.D. Tex. Apr. 9, 2010) (holding a multiplier was warranted "due to the risks entailed in this lawsuit and the zealous efforts of the attorneys that resulted in a significant recovery for the class").  Class Counsel are requesting this Court consider an upward multiplier within the range of reasonableness as recognized by Fifth Circuit courts. *DeHoyos*, 240 F.R.D. at 333 (stating the average range of multipliers in class actions is 1.0 to 4.5 and "multipliers on large and complicated class actions have ranged from at least 2.26 to 4.5"); *see also Di Giacomo v. Plains All Am. Pipeline,* 2001 WL 34633373, at *11 (S.D. Tex. 2001) (stating same and approving 5.3 multiplier); *In re Enron Corp. Securities, Derivative & ERISA Litig*., 586 F. Supp. 2d 732, 752 (S.D. Tex. 2008) (finding from "a survey of multipliers" that 83% of enhancements "range 1.0 to 4.0'"). Considering the complexities of this manufacturing defect case stretching over four years and the

uniqueness of the partial certification and ultimate negotiated benefit, Class Counsel request an enhancement of the base lodestar amount within the approved range – specifically, **2.9**%.

Plaintiffs respectfully request this Honorable Court consider the twelve  "*Johnson* factors" in evaluating the requested attorneys' fees, and in so doing weigh the impact of: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the action; (11) the nature and length of the professional relationship with the client; and (12) other similar cases. *Johnson,* 488 F.2d at 717- 19 (5th Cir. 1974); *see also Dell*, at 642 n.25.[9]

### 1.   *Factors One and Two: Time and Labor; Novelty and Difficulty*

Both factors one and two support enhancement of the base lodestar.  The billing records submitted are not wholly reflective of the extensive time and labor required to reach the conclusion of this litigation, but instead reflect solely the time spent by Lead Counsel only for activities wholly discrete, and therefore segregated, from the prior fee application that remains pending. *See* Ex. A-2: AMENDED PROPOSED ORDER APPROVING FEES (4:19-cv-00248; Dkt.40). Class Counsel does not submit any of the time attributable to three years of individuals and entities seeking information inclusion.  Nor does Class Counsel seek line-item recovery of any paraprofessional time or associate time in this Application.

---

[9]         "Of these factors, the court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation, and ability of counsel." *NSEW Holdings LLC v. Wells Fargo Bank, N.A.*, 2017 WL 1030313, at *6–7 (E.D. Tex. 2017) (Mazzant, J.).

Defendant continually asserted that manufacturing defect cases are not susceptible to class treatment at all. Indeed, it has all along been a defense position that the class questions posed were novel to the point of non-existence.  Although Plaintiffs have continually disagreed as to the absolutism of such a position, class certification of manufacturing defects are not the norm, particularly ones stretching over a four-year manufacturing period.

> 2.  *Factors Three and Nine: skill required to perform the legal service properly and the experience, reputation and ability of the attorneys*

The third and the ninth *Johnson* factors – the skill required and the experience, reputation, and ability of the attorneys – also support the requested fee award. As demonstrated by their respective firm resumes, Class Counsel have more than forty years of combined experience in complex federal civil litigation, particularly in litigation of products liability and other class actions, stretching across both sides of the civil litigation bar, state lines, and on all levels of practice. *See* Ex. C: CARPENTER DECLARATION; Ex. D. BELL-STANTON DECLARATION.

The standing of opposing counsel should also be weighed in determining the fee, because such standing reflects the challenge faced by Class Counsel and "confirms the superior quality of their representation." *Schwartz v. TXU Corp.*, 2005 WL 3148350, *30 (N.D. Tex. 2005).  Here, Defendant was represented by highly experienced lawyers from Hartline Barger, a prestigious and well-respected defense firm, who vigorously and ably defended the Action from its inceptions in 2017 and now to its completion in 2020. Accordingly, these factors also support the requested fee enhancement.

> 3.  *Factor Six: Fixed or Contingent Fee*

Class Counsel undertook this class action on a contingency-fee basis, carrying both the substantial out-of-pocket costs of litigation and the risk of not being paid for their services or reimbursed for their costs. As the Fifth Circuit has stated, "[l]awyers who are to be compensated

only in the event of victory expect and are entitled to be paid more when successful than those who are assured of compensation regardless of result." *Jones v. Diamond*, 636 F.2d 1364, 1382 (5th Cir. 1981), *overruled on other grounds by Int'l Woodworkers of Am., AFL-CIO & Its Local No. 5-376 v. Champion Int'l Corp.*, 790 F.2d 1174 (5th Cir. 1986).

4.   *Factors Seven and Eleven: Time limitations; Nature and length of the professional relationship with the client*

The public policy and pertinent factual basis behind factors seven and eleven are not implicated in this litigation beyond the discussion of representative service awards or other fee elements already considered in this Fee Application.  Again, in recognition that this Court should not duplicate the weight afforded other factors already considered, these elements are either inapplicable or neutral in determining whether an enhancement is appropriate.

5.   *Factor Eight: Amount involved and the results obtained*

Case law holds that the most significant determinant of whether hours were reasonably expended is the overall relief obtained as a result of that expenditure of time. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  Benefit in this context is not necessarily limited to monetary relief or the value of the property right protected. The Settlement also provides relief based on information only available because of this embattled litigation – an independently administered warranty program that uniformly defines warranty benefits for the affected tanks, a lengthy extension of a warranty that has otherwise expired, and cash reimbursement for prior fractured tanks. *See* Ex. I-1: Settlement Memorandum; I-2: Settlement Agreement.

As detailed in the Joint Motion for Preliminary Approval and incorporated Settlement materials, Class Counsel secured relief for Texas consumers who own or owned toilet tanks Vortens™ model #3412 and #3464 manufactured at the Defendant's Benito Juarez plant between January 1, 2007 through December 31, 2010. *See* Ex. I-1: Settlement Memorandum; I-2:

SETTLEMENT AGREEMENT. The Settlement provides an otherwise unavailable mechanism for resolution for Class Members that previously submitted a warranty claim on an affected tank that was denied, allows for new submission of warranty claims on past fractures of affected tanks, and provides extended warranty relief for Class Members up through and including December 31, 2020. *See* EX. I-1: SETTLEMENT MEMORANDUM; I-2: SETTLEMENT AGREEMENT. Such result warrants an upward enhancement of the base lodestar fee.

### 6.  *Factor Ten: Undesirability of the action*

The undesirability of a case can be a factor in justifying the award of a requested fee. *See Halliburton*, 2018 WL 1942227, at *12 ("[T]he 'risk of non-recovery' and 'undertaking expensive litigation against * * * well financed corporate defendants on a contingent fee' has been held to make a case undesirable, warranting a higher fee."). "The risks faced by counsel must be assessed as they existed at the time counsel undertook the litigation and not in light of the settlement ultimately achieved." *Harless*, 2013 WL 12303194, at *3. This was not an easy case, and Class Counsel did not waiver in the pursuit of remedy for the class that was excluded from the original settlement – to the contrary, an entire year of litigation was commenced on behalf of class members provided benefits under the terms of the Settlement.  *See* EX. C: CARPENTER DECLARATION; EX. D. BELL-STANTON DECLARATION.   Accordingly, this factor supports approval of a fee enhancement.

### 7.  *Factor Twelve: "similar cases"*

The requested multiplier of the lodestar fee is consistent with prior federal and state court precedent. *City of San Antonio, Texas v. Hotels.com, L.P.*, 2017 WL 1382553, at *15 (W.D. Tex. Apr. 17, 2017); *see also OneBeacon*, 2015 WL 5021954, at *13 (applying a multiplier of three to account for the contingent nature and undesirability of the case); *In re Dell Inc*., 2010 WL

2371834, at *15 n. 7 (W.D. Tex. June 11, 2010) *aff'd, appeal dismissed sub nom*, 669 F.3d 632 (5th Cir. 2012) ("In using the lodestar method, courts typically apply "multipliers" ranging from one to four"); *Stratton v. XTO Energy, Inc*., 2012 WL 407385, at *9 (Tex. App.—Fort Worth Feb. 9, 2012, no pet.) (holding that the trial court erred in refusing to apply the requested multiplier of 2.17 to reflect the exceptional results achieved by plaintiffs' counsel, the undesirability of the litigation, the high risk borne by its contingent nature, and awards in similar class action litigation).

### C.   Reimbursement of Expenses

Class Counsel expended $372,956.08 in total in prosecuting this matter – after segregation of expenses solely attributable to achieving the benefits reflected in the current Settlement, the remaining balance not currently included in the request pending in Cause No. 4:19-cv-00248 is an additional $9,173.16.

The total litigation costs and expenses do not exceed $500,000, which was the amount Defendants agreed operated as the cap on agreed recovery.  In addition to attorneys' fees, attorneys in a class action may cover their reasonable expenses that would typically be billed to paying clients in non-contingency matters. *Mills v. Electric Auto-Ute Co*., 396 U.S. 375, 391-92 (1970). Both the severed Settlement Agreement and the current Agreement authorizes Class Counsel to seek recovery litigation expenses (Exhibit I); the expenses sought are below the total cap. Class Counsel advanced expenses in the form of cash with no guarantee of recovery, and to date, no reimbursement. These costs have been adequately documented and were reasonably incurred for the benefit of the Settlement Class. *See* Ex. B- MASTER LITIGATION EXPENSE SPREADSHEET; Ex. C: CARPENTER DECLARATION.[10]

---

[10]   The exact final number of expenses cannot be known at the time of drafting this application because expenses continue to accrue and will do so until the fairness hearing on March 2, 2020.  Counsel will update this Application for purposes of seeking additional reimbursement of these future, yet currently unknown expenses.

**CONCLUSION**

"This award of attorneys' fees and expenses is separate and apart from the class settlement - which is not a monetary common fund - and will not in any way diminish the class settlement. Were the Court to reduce the award of class counsel's fees, this would not confer a greater benefit upon the class, but rather would only benefit [Defendant]." *DeHoyos,* 240 F.R.D. at 322.

Plaintiffs request this Court approve the service awards, consider the evidence supporting Class Counsel's wholly segregated lodestar fee (**$229,768.00**), apply a reasonable multiplier (**2.9**%) to appropriately enhance the lodestar to reach an appropriate and reasonable fee, and thereafter award the requested enhanced fees, costs, and expenses.

Again, Class Counsel respectfully requests this Honorable Court consider the extensive briefing and oral argument provided in support of the Application still pending in the severed action, Cause No. 4:19-cv-00248 in its analysis of the instanter motion.

Respectfully submitted,

*/s/ N. Scott Carpenter*
**N. SCOTT CARPENTER**
State Bar No. 00790428
**REBECCA E. BELL-STANTON**
State Bar No. 24026795
CARPENTER & SCHUMACHER, P.C.
2701 NORTH DALLAS PARKWAY, SUITE 570
Plano, Texas 75093
(972) 403-1133
(972) 403-0311 [Fax]
scarpenter@cstriallaw.com
rstanton@cstriallaw.com

*ATTORNEYS FOR PLAINTIFFS AND
PROPOSED SETTLEMENT CLASS*

## <u>CERTIFICATE OF CONFERENCE</u>

I certify that counsel for the respective parties have conferred on the subject motion and it is substantively OPPOSED.

*/s/ Rebecca Bell-Stanton*
**REBECCA BELL-STANTON**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the 17th day of January, 2020 that the foregoing was served to all counsel of record either by hand delivery, U.S. Mail, postage pre-paid, facsimile, electronically, and/or *via* the Court's CM/ECF document filing system.

*/s/ Rebecca Bell-Stanton*
**REBECCA BELL-STANTON**

16