IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| AARON and STACEY STONE, and DANIEL and SHARON SOUSA, et. al. on behalf of themselves and those similarly situated[1] <br>     *Plaintiffs* <br><br> v. <br><br> PORCELANA CORONA DE MÉXICO, S.A. DE C.V f/k/a SANITARIOS LAMOSA S.A. DE C.V. a/k/a Vortens <br>     *Defendant*. | § § § § § § § § § § § § | Civil Action File No. <br><br> 4:17-cv-00001-ALM-KPJ <br><br><br> ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

**ORDER FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

On March 2, 2020 came on for consideration the Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") in Case No. 4:17-cv-00001, (Dkt. 261). The Court is of the opinion that the Parties' Motion should be granted, and the class Settlement be approved.

The background, procedural history, and Settlement terms are summarized in the Parties' Joint Motion for Preliminary Approval (Dkt. 258) and subsequent Order granting Preliminary Approval of Class Settlement (Dkt. 260). In brief, the Class Settlement provides an opportunity for reconsideration of prior denied warranty decisions as to affected tanks, reimbursement for prior replacements expenses incurred by Class Members not to exceed $300.00, and the extension of warranties with defined warranty benefits up through and including December 31, 2020. A separate Judgment consistent with this Order will issue pursuant to Fed. R. Civ. P. 58.

---

[1]     Steven and Joanna Cone settled their individual claims and were dismissed from this action. Additionally, other plaintiffs and claims were severed from the instant action for purposes of seeking and obtaining Final Approval of the 2011 Settlement Class. [Dkt.229]. A request was subsequently made to the Federal District Court Clerk per instruction by the Court as to the alteration of the case style to reflect solely the remaining Named Plaintiffs,; however, the Clerk's Office indicated a need for continuity in the original case style.

1

## DISCUSSION

For settlement purposes only, the Court finds that the class as stated in the Settlement[2] meets all the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure for class certification, including numerosity, commonality, and typicality; specificity of declaratory relief for class members harmed in essentially the same way pursuant to Rule 23(b)(2); and that the Equitable Relief Class Representatives and Class Counsel are adequate representatives of the Equitable Relief Settlement Class.

The Court finds the Settlement appears to be the product of serious, informed, non-collusive negotiations conducted at arms-length and only after three failed attempts at formal mediation sessions were the terms agreed upon. It has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of judicial approval.

## CLASS CERTIFICATION

A hearing was held on March 2, 2020, during which time this Court heard argument on the Motion for Final Approval of Class Action Settlement. The Court had previously entered an Order of Preliminary Approval appointing Class Counsel, approving notice to the Class, establishing deadlines for objections, certifying the Class and preliminarily approving the Settlement Agreement. Having considered the written submissions of the parties and noting the absence of objections by any Class Member, and having held a final fairness hearing and considered the evidence and argument offered at the final fairness hearing, it is hereby ORDERED that the Class is finally certified and the Settlement is finally approved.

---

[2] Unless otherwise indicated, capitalized terms used herein shall have the same meaning as in the Settlement Agreement.

The Court certifies this matter as a class action, for the purposes of settlement only, of the claims asserted on behalf of certain owners of affected toilet tanks manufactured between 2007-2010 pursuant to Rule 23 of the Federal Rules of Civil Procedure, which class is defined as follows:

***Texas owners of Vortens toilet tank models 3464 and 3412 manufactured at the Benito Juarez plant, with a manufacturing date 2007-2010.***

The following persons and/or entities are expressly excluded from the Equitable Relief Settlement Class:

- Any and all federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions; and

- Any currently sitting federal judge and/or justice in the current style action and/or any persons within the third degree of consanguinity to such judge and/or justice.

**Class Representatives and Class Counsel**

With respect to the Equitable Relief Class Representatives, the Court finds that Plaintiffs Aaron and Stacey Stone (the "Stone Plaintiffs") and Daniel and Sharon Sousa ("Sousa Plaintiffs") are adequate representatives of the Equitable Relief Settlement Class and they are hereby appointed as representatives of the Equitable Relief Settlement Class. The Court also finds that the proposed Service Award ($7,500.00 to the Stone Plaintiffs and $7,500.00 to Sousa Plaintiffs) is reasonable and therefore approves the Service Awards. With respect to Class Counsel, the Court appoints Scott Carpenter, Esq., and Rebecca Bell-Stanton, Esq., of Carpenter & Schumacher, P.C., 2701 N. Dallas Parkway, Suite 570, Plano, Texas 75093, pursuant to Fed. R. Civ. P. 23(g) to represent the interests of the Equitable Relief Settlement Class.

The Court finds that, for purposes of settlement only, the requirements of Fed. R. Civ. P. 23 are met by the Equitable Relief Settlement Class. Joinder of all Settlement Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and

dispersion. Common issues exist among Equitable Relief Settlement Class Members' claims regarding whether the identified tank models manufactured in 2007-2010 suffer from a manufacturing defect that results in spontaneous failure or otherwise affects the expected lifespan of the product.

The Court further finds the Equitable Relief Class Representatives claims are typical of those of the Settlement Class, in that: (i) the interests of the Stone Plaintiffs and Sousa Plaintiffs are typical of those of the Equitable Relief Settlement Class; (ii) there are no apparent conflicts between or among the Stone Plaintiffs and Sousa Plaintiffs and the members of the Equitable Relief Settlement Class; (iii) the Stone Plaintiffs and Sousa Plaintiffs have been and are capable of continuing to be active participants both in the prosecution of, and the negotiations to settle this Action; and (iv) the Stone Plaintiffs and Sousa Plaintiffs and the Equitable Relief Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving defective products.

The full terms of the Settlement Benefit are detailed in the Settlement Agreement. (Dkt. 258-1).

**Notice of Potential Settlement to Class Members**

The Court has reviewed the Notice Plan and its implementation and efficacy, and finds that it constituted the best notice practicable under the circumstances and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and their right to object to the proposed settlement in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e) of the Federal Rules of Civil Procedure.

In addition, Class Notice clearly and concisely stated in plain, easily understood language:

(i) the nature of the action; (ii) the definition of the certified Equitable Relief Settlement Class; (iii) the claims and issues of the Equitable Relief Settlement Class; (iv) that a Settlement Class Member may enter an appearance through an attorney if the member so desires; (v) the binding effect of a class judgment on members under Fed. R. Civ. P. 23(c)(3).

As set forth in the Settlement Agreement (Dkt. 258-1), Settlement Administration, which includes the costs and expenses incurred in providing notice to the Equitable Relief Settlement Class in addition to claims administration, were paid by the Defendant, and Defendant shall remain responsible for administration costs until such time as the Claims Period concludes.

The determination of Class Counsel's reasonable fees and costs incurred in the prosecution of the Action are addressed in a separate memorandum and order.

**Settlement Administrator and Notice**

The Court has reviewed Epiq's Notice Plan, its implementation, and the resulting claims activity. The Notice Plan included:

- *Direct Mail Notice*. A Postcard Notice was sent by United States Postal Service ("USPS") first class mail to the approximately 3,985 plumbing and remediation companies and insurance companies in Texas. A Notice Package (Detailed Notice and Claim Form) is forwarded via USPS first class mail to known Class Members. Additionally, a Notice Packet will be mailed via USPS first class mail to all persons who request one via the toll-free number. The Detailed Notice will also be available to download or print at the website.

- *Published Notice.* A Summary Notice was published in Trade Publications (*Buildings*, *Contractor*, *PHC News*, and *Plumbing & Mechanical*), and local newsprint (*Austin American-Statesman, Dallas Morning News/Briefing Combo, Houston Chronicle and San Antonio Express-News*).

- *Internet Notice*. Banner ads appeared on select websites that Class Members visit regularly, based on cost efficiency, timing, and their contribution to reach the target audience. Local DMA Banners were published (*Google Display Network* and *Facebook*) in the following four selected DMAs: Austin, TX; Dallas, TX; Houston, TX and San Antonio, TX), and State-Wide Banners (Facebook).

- *Informational Release*. An Informational Release will be issued to general media (print and broadcast) and online databases and websites geo-targeted to the State of Texas. The Informational Release will serve a valuable role by providing additional notice exposures beyond that which is provided by the paid media.

- *Website Notice*. A copy of the Notice of Proposed Settlement of Class Action was posted and is available for download on a Settlement Website. This information is to remain available on the Internet until the last day of the extended Warranty Claims Period (December 31, 2020).

The Notice Provider provided a declaration certifying substantial completion of the launch of the Notice Plan on February 21, 2020 (Dkt. 268-1). These declarations by Kyle Bingham and Stephanie Fiereck also showed that the Notice Plan was executed in accordance with these standards.

No objections were timely filed challenging the Settlement. The Court finds that the Settlement on the terms set forth in the Settlement Agreement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members. The Court further finds that Final Judgment approving the settlement and dismissing the Action on the merits and with prejudice against the Class Representatives and all Equitable Relief Settlement Class Members should be entered.

All Persons who meet the definition of Texas owners of an Affected Tank are deemed Equitable Relief Settlement Class Members for all purposes of the Settlement. All class members are bound by the terms of Settlement and by all subsequent proceedings, orders, and judgments issued by the Court.

The Court further reserves and retains exclusive and continuing jurisdiction over the Settlement concerning the administration and enforcement of the Settlement Agreement and to effectuate its terms.

## **NO ADMISSION OF LIABILITY**

The Settlement and any Order granting approval are not admissions of liability or fault by Defendant or the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Defendant. The Settlement Agreement is not a concession of liability by the Parties. To the extent permitted by law, neither this Order, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings to establish any liability of, or admission by, Defendant. Notwithstanding the foregoing, nothing in this Order shall be interpreted to prohibit the use of this Order in a proceeding to consummate or enforce the Stipulated Settlement or this Order, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

## **CONCLUSION**

Based on the foregoing, the Motion for Final Approval (Case No. 4:17-CV-001, Dkt. #261) is hereby GRANTED, and the Equitable Relief Settlement Class is finally approvedas set forth above. The Court will separately render its Final Judgment approving the settlement and dismissing the Action on the merits and with prejudice against the Class Representatives and all 2007-2010 Settlement Class Members.

**IT IS SO ORDERED.**

**SIGNED this 2nd day of March, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE