IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| STEVEN AND JOANNA CONE, MICHAEL AND KIMBERLY AFTOSMES, MARK AND AMBER FESSLER, ANDREW HOCKER, KEVIN REUSS, and MATTHEW CARRERAS on Behalf of Themselves and Those Similarly Situated, *Plaintiffs,* vs. VORTENS, INC. SANITARIOS LAMOSA S.A. DE C.V., and PORCELANA CORONA DE MEXICO, S.A. DE C.V., *DEFENDANT.* | CIVIL ACTION NO. 4:17-CV-00001 Hon. Judge Amos Mazzant |

**FINAL ORDER AND JUDGMENT**

**WHEREAS**:

A. On January 1, 2017, STEVEN AND JOANNA CONE filed their Original Complaint and Class Action on behalf of Themselves and those similarly situated against SANITARIOS LAMOSA S.A. DE C.V. and VORTENS, INC. [Dkt. 1]. Plaintiffs alleged manufacturing defects affecting toilet tanks manufactured, marketed and distributed by Defendants causes such tanks to spontaneously crack, causing damage both to real and personal property. Plaintiffs argued that these spontaneous failures occur because same were manufactured out-of-industry-specification; the result of these manufacturing errors resulted in defective toilet tanks that contain internal stresses in the ceramic construction leading to crack propagation, which affects the lifespan of the product and risks sudden tank failure.

B.  On March 27, 2017, STEVEN AND JOANNA CONE, MICHAEL AND KIMBERLY AFTOSMES, MARK AND AMBER FESSLER, ANDREW HOCKER AND KEVIN REUSS filed Plaintiffs' First Amended Complaint and Class Action on behalf of Themselves and others Similarly Situated [Dkt.4];

C.  The Answer to Plaintiffs' Amended Complaint was filed by PORCELANA CORONA DE MEXICO, S.A. DE C.V. f/k/a SANITARIOS LAMOSA S.A. DE C.V. a/k/a VORTENS, INC. ("Porcelana") on May 26, 2017 [Dkt. 16]. Porcelana denied all claims and allegations in the lawsuit and noted that the toilet tanks were manufactured by Sanitarios Lamosa, S.A. de C.V. at a time when different equipment and procedures were in use. Porcelana asserted that the toilet tanks are not defective in any respect, that the failure rate is very low and that any failures are the result of other factors (such as improper installation or misuse) and maintained that manufacturing defect allegations are not often or easily susceptible to class treatment because each individual product must be tested to determine the cause of failure. [Dkt. 16];

D.  Plaintiffs Charles and Michelle Handly joined the litigation as Named Plaintiffs on November 30, 2017. [Dkt. 55]. The operative live pleading, Plaintiffs' Second Amended Complaint and Class Action (Dkt. 74), was deemed filed as of February 14, 2018, and Plaintiffs' Motion for Class Certification was filed on April 30, 2018. [Dkt. 111];

E.  After a full evidentiary certification hearing and three mediations, a partial settlement was reached as to Vortens™ model #3412 and #3464 toilet tanks manufactured between January 1, 2011 through December 31, 2011 to provide benefits to class members without geographic limitations (the "2011 Settlement Class"), and the Parties filed a Joint Motion for Preliminary Approval of same. [Dkt.191]. The Motion for Class Certification was therefore denied

as moot and Plaintiffs were ordered to "file an amended motion to certify class addressing only those claims not addressed" by the 2011 Class Settlement. [Dkt.193];

F. Plaintiffs filed their Second Motion for Class Certification on November 19, 2018. [Dkt. 194]. The Second Motion excluded tank models #3412 and #3464 manufactured in 2011 due to the partial settlement and sought to define the remaining putative class as: (i) "a Texas-only class under Federal Rule of Civil Procedure 23(b)(3) for Counts I-IV allegations: Strict Products Liability; Implied Warranty; Negligence; and Texas Deceptive Trade Practices Act for designated tank models manufactured between January 1, 2007 – December 31, 2012, but to the exclusion of the 2011 Settlement Class tank models; (ii) certification under Federal Rules of Civil Procedure 23(b)(2) for specific equitable relief without geographic limitation; or alternatively (iii) certification of liability issues under Rule 23(c)(4) to be conducted in an initial trial phase [Dkt. 194];

G. On April 2, 2019, the Court ordered that the Clerk of Court sever the action into two separate suits, 4:17-cv-00001 (seeking certification under Plaintiffs' Second Motion for Class Certification (Dkt. 194) and 4:19-cv-00248 (severing the "2011 Settlement Class);

H. Subsequent to the hearing on Plaintiffs' Second Motion for Class Certification on July 24, 2019, Hon. Magistrate Priest-Johnson entered a Report and Recommendation defining the scope of the certified class and preliminarily certifying certain equitable issues under Rule 23(b)(2). [Dkt. 247]. After consideration of the objections raised by Porcelana [Dkt. 249], a Memorandum Adopting the Report and Recommendation of United States Magistrate Judge was entered on September 26, 2019. [Dkt. 250];

I. The Parties engaged in arms-length negotiations within the confines of the certification order and with consideration for the potential risks of litigation for the Plaintiffs, the Defendant, and the Class. On November 21, 2019, Named Plaintiffs STACEY STONE AND DANIEL SOUSA, ON BEHALF OF THEMSELVES AND THE CERTIFIED TEXAS

3

EQUITABLE SETTLEMENT CLASS (defined below), and additional Named Plaintiffs MARK AND AMBER FESSLER, ANDREW HOCKER, AND MATTHEW CARRERAS ("Plaintiffs"), on the one hand, and PORCELANA CORONA DE MEXICO, S.A. DE C.V., F/K/A SANITARIOS LAMOSA S.A. DE C.V. A/K/A VORTENS ("Defendant"), on the other, entered into a Memorandum of Understanding of Settlement (the "MOU"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure. [Dkt. 256-1];

J.      Named Plaintiffs MARK AND AMBER FESSLER, ANDREW HOCKER, AND MATTHEW CARRERAS, Individually, and Defendant entered into separate settlement agreements in accordance with the broad terms originally outlined in the November 21, 2019 MOU [Dkt. 256-1], and have requested their individual claims be dismissed with prejudice in accordance with such settlement agreements. AARON AND STACEY STONE and DANIEL AND SHARON SOUSA, and the certified Class Members they represent, acting through counsel, agree to the Dismissal of the individual claims of MARK AND AMBER FESSLER, ANDREW HOCKER, AND MATTHEW CARRERAS;

K.      On December 10, 2019, AARON AND STACEY STONE and DANIEL AND SHARON SOUSA, on behalf of themselves and the class members they represent, and Defendant furthered the terms of the MOU and made agreement as defined in the Settlement and Release Document (the "Settlement") in this Action, which is subject to review under Rule 23 of the Federal Rules of Civil Procedure. [Dkt. 258-1]. The Settlement Agreement, together with the MOU, sets forth the terms and conditions of the Settlement of the Action and the claims alleged in the Second Amended Class Action Complaint on the merits and with prejudice;

L.      On December 11, 2019, a Joint Motion for Preliminary Approval was filed in this Action. [Dkt. 259]. The Joint Motion articulated resolution of the requested relief pleaded in the

4

Second Amended Complaint on behalf of each of the Plaintiffs and the equitable class defined by the certification order dated September 4, 2019. The Proposed Settlement provided relief to Texas consumers who own or owned toilet tanks Vortens™ model #3412 and #3464 manufactured at the Defendant's Benito Juarez plant between January 1, 2007 through December 31, 2010. [Dkt. 258];

M.      Pursuant to the Order granting Preliminary Approval of the Class Action Settlement [Dkt. 260], approving form and manner of notice, and setting the Date for Hearing on Final Approval of Settlement, entered on January 17, 2020 (the "Preliminary Approval Order"), the Court scheduled a hearing for March 2, 2020, at 9:00 am (the "Final Approval Hearing"), to, among other things: (i) determine whether the proposed Settlement in the Action on the terms and conditions is fair, reasonable, and adequate and should be approved by the Court; (ii) determine whether the provisions of the Preliminary Approval Order as to notice were complied with; (iii) consider and rule on the Plaintiffs' Motion for Service Awards, Fee and Expense Reimbursements; and thereafter enter a Final Judgment in the Action;

N.      On February 26, 2020, the Court conducted a telephonic conference on the status of Plaintiffs' pending Motion for Service Awards, Fee Application and Expense Reimbursement, an issue on which the Parties and Court agreed was conditional upon findings to be determined in Cause No. 4:19-cv-00248 as to a separate Motion for Service Awards, Fee Application and Expense Reimbursement.  The Court, therefore, instructed the Parties to submit consolidated briefing to be considered in this Action contemporaneously with the Fee Application in Cause No. 4:19-cv-00248, subject to an ordered briefing schedule. [Dkt. 270];

O.      The Final Approval Settlement Hearing was duly held before this Court on March 2, 2020, at which time all interested Persons were afforded the opportunity to be heard.  The Court granted the requested Final Approval of the Settlement, including an award of service fees to Class

5

Representatives AARON AND STACEY STONE and DANIEL AND SHARON SOUSA. [Dkt. 273];

P.    A briefing schedule as to the new and consolidated fee and expense applications was entered on March 2, 2020, and the Motion for Service Awards, Fees and Expense Reimbursement previously filed in this Action [Dkt. 262] was denied as moot. [Dkt. 274]. Plaintiffs and Class Counsel thereafter filed their Consolidated Fee Application [Dkt. 275], along with supporting exhibits [Dkt. 275-1 through 275-17], on March 9, 2020, to which the Defendants responded on March 19, 2020. [Dkt. 277]; and

Q.    After due deliberation of the arguments, authorities, and evidence presented by the Parties in the Consolidated Fee Application briefing, the Court will enter a separate Order regarding the requested relief [Dkt. 275].

**NOW, THEREFORE, AFTER DUE DELIBERATION, IT IS ORDERED, ADJUDGED AND DECREED that:**

1. This Final Order and Judgment incorporates and makes a part hereof: (i) the November 21, 2019 Memorandum of Understanding [Dkt.256-1], (ii) the December 10, 2019 Settlement Agreement [Dkt. 258-1]; and (iii) the Notice of Compliance Declaration, which was filed with the Court on February 21, 2020 [Dkt. 268-1].

2. This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Equitable Settlement Class Members.

3. The Court hereby affirms its determinations in the Final Approval Order entered on March 2, 2020 [Dkt. 273].

4. The Second Amended Class Action Complaint is DISMISSED IN ITS ENTIRETY, WITH PREJUDICE as of the Effective Date.

5. The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

6. The December 10, 2019 Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

7. The releases set forth in the Class Settlement Agreement, together with the definitions contained in the Agreement relating thereto, are expressly incorporated herein in all respects and are effective as of the Effective Date. Each Settlement Class Member, whether or not such Settlement Class Member executes and delivers a Proof of Claim, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Class Settlement Agreement.

8. The administration of the Class Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in Settlement, shall remain under the authority of this Court.

9. The MARK AND AMBER FESSLER, ANDREW HOCKER, AND MATTHEW CARRERAS individual Settlement Agreements shall be consummated in accordance with the terms and provisions of each Agreement.

10. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlements in this Action. The Parties are hereby directed to consummate the Settlements and to perform all terms.

11. Class Counsel's Consolidated Application for Attorneys' Fees and Reimbursement of Expenses [Dkt. #275] is under advisement, and an Order thereon will be separately entered.

There is no just reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

**SIGNED this 24th day of March, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE