# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MARK FESSLER, AMBER FESSLER, ANDREW HOCKER, KEVIN REUSS, MATTHEW CARRERAS, CHARLES HANDLY, MICHELLE HANDLY, AARON STONE, STACEY STONE, DANIEL SOUSA, and SHARON SOUSA, on Behalf of Themselves and Those Similarly Situated, <br> *Plaintiffs*, | § § § § § § § § § § § | Civil Action No. 4:19-CV-248 <br> Judge Mazzant |
| STEVEN CONE, JOANNA CONE, MARK FESSLER, AMBER FESSLER, ANDREW HOCKER, and MATTHEW CARRERAS, on Behalf of Themselves and Those Similarly Situated; and AARON STONE, STACEY STONE, DANIEL SOUSA, and SHARON SOUSA, <br> *Plaintiffs*, <br><br> v. <br><br> PORCELANA CORONA DE MÉXICO, S.A. DE C.V. f/k/a SANITARIOS LAMOSA S.A. DE C.V. a/k/a VORTENS, <br> *Defendant*. | § § § § § § § § § § § § § § § § § | Civil Action No. 4:17-CV-001 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Clarification of Timing of Payment of Litigation Expenses (Dkt. #93; Dkt. #335).[1] Having considered the motion, the Court finds that it should be **GRANTED.**

---

[1] Because this is a consolidated fee-award action, two identical motions and responses were filed in the above-captioned cases. Throughout this Order, the Court cites to one of these filings, and unless otherwise noted, citations to the motion (Dkt. #93) or the response (Dkt. #94) can be found on the docket of Case No. 4:19-CV-248, while any citations to Dkt. #335 or Dkt. #336—which are identical filings, respectively—are located on the docket of Case No. 4:17-CV-001. Further, in referencing one docket, the Court is, by implication, referencing the other.

## ANALYSIS

The relevant procedural history of this case is fully discussed in this Court's Memorandum Opinion and Order granting Plaintiffs' Motion to Enforce the Settlement Agreement on Litigation Expenses (Dkt. #90). Therein, the Court found that because Defendant appealed only the award of attorneys' fees, the waiver approach to the mandate rule precluded reconsideration of the amount awarded for litigation expenses. Accordingly, the Court ordered Defendant pay Class Counsel's litigation expenses in the amount as determined prior to Defendant's appeal—$371,354.98—and in accordance with the parties' Settlement Agreement. In the present motion, Defendant requests "that this Court clarify the timing of when the litigation expenses ordered by this Court should be paid" (Dkt. #93 at p. 2).

Section VIII, Subsection C of the Settlement Agreement ("Section 8.3")—the provision addressing the payment of attorneys' fees and litigation expenses—reads as follows:

> Within five days of 1) the Effective Date or 2) the final resolution of all appeals and/or objections to Class Counsel's Fee Application, whichever is later, Defendant shall pay any Court-approved amount of attorney fees and costs . . .

(Dkt. #85, Exhibit 1, at p. 18).[2] Because this Court found that the amount of the litigation expenses award is final, Plaintiffs argue that payment of the litigation expenses award is separable from and not contingent on the resolution of the attorneys' fees award. Plaintiffs thus contend that under the Settlement Agreement, Defendant is required to pay the litigation expenses award immediately (Dkt. #94). On the other hand, Defendant argues that the Settlement Agreement does not require payment of the litigation expenses award until the attorneys' fees award also becomes final (Dkt. #93).

As discussed below, the Court finds that the plain language of the Settlement Agreement

---

[2] The "Effective Date" is defined in the Settlement Agreement (*see* Dkt. #85, Exhibit 1 at p. 5). The interpretation of that term is not the subject of the present motion, and is thus not discussed in this Order.

is clear—until either the Effective Date occurs or all objections and appeals related to the Fee Application are finally resolved, no payment of fees or costs is required.

**I.     Payment of neither "fees" nor "costs" is due until the five-day payment deadline is triggered.**

Section 8.3 contemplates a payment of "fees and costs"—it does not mention "litigation expenses." Yet, it is clear from the Agreement that "costs," when used in the Settlement Agreement as part of the phrase "fees and costs," means "litigation expenses."

To be sure, Section 13 of the Settlement Agreement states that federal law governs "the Court's determination of a reasonable award of attorney fees and costs to Class Counsel" (Dkt. #85, Exhibit 1, at p. 22). And under federal law, the relevant statute governing an award of fees and costs is Federal Rule of Civil Procedure 23(h), which in turn references to Rule 54(d)(2) for an award in class suits. *See* FED. R. CIV. P. 23(h), 54(d)(2). Both Rule 23(h) and Rule 54(d)(2) authorize awards for nontaxable items, with one relevant difference: "Rule 23(h)(1) talks of 'nontaxable costs,' while Rule 54(d)(2) speaks of 'nontaxable expenses.'" 5 WILLIAM B. RUBENSTEIN, NEWBERG ON CLASS ACTIONS § 16:5 (5th ed.). This difference in terminology, however, is negligible as an award for nontaxable items is intended in either circumstance to cover the out-of-pocket expenses of litigation that would "normally [be] charged to a fee-paying client[.]" *Gonzalez v. Assocs. Health & Welfare Plan*, 55 Fed. App'x 717, 717 (5th Cir. 2002). Put simply, the terms "costs" and "litigation expenses" are interchangeable. RUBENSTEIN, § 16:5; *see also, e.g., In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1089 (S.D. Tex. 2012) (referring to nontaxable costs under Rule 23(h)(1) as "litigation expenses").

Thus, it is no surprise that the parties' Settlement Agreement also uses "costs" and "litigation expenses" interchangeably. For example, the Definitions section of the Settlement

Agreement contains the following definition:

> "Attorney Fees and Expenses" means the amount of any attorney fees and reimbursement of litigation expenses awarded to Class Counsel pursuant to their Fee Petition.

(Dkt. #85, Exhibit 1 at p. 3). Yet, the phrase "Attorney Fees and Expenses" is generally absent from the Settlement Agreement. The Settlement Agreement instead uses the phrase "Attorney Fees and Costs," which is not separately defined. Thus, clearly, just like Rules 23(h) and 54(d)(2), the Settlement Agreement's use of "costs" and "expenses" in this context refers to the same award—an award of litigation expenses. There is no indication that the parties intended a different interpretation.

Turning back to Section 8.3, when the payment deadline is triggered, Defendant must pay both attorneys' fees *and* litigation expenses within five days. Despite Plaintiffs' suggestion, the plain language of Section 8.3 does not require Defendant pay litigation expenses at a time separate from when Defendant pays attorneys' fees. When interpreting terms in a contract, all terms are assigned "their ordinary and generally accepted meaning unless the contract directs otherwise." *Great Am. Ins. Co. v. Primo*, 512 S.W.3d 890, 893 (Tex. 2017) (citations omitted). Section 8.3 uses the word "and" to connect litigation expenses with attorneys' fees. The ordinary usage of "and" is conjunctive. *See generally Velazquez v. Countrywide Home Loans Servicing (In re Velazquez)*, 660 F.3d 893, 897 (5th Cir. 2011) ("[T]he word 'and' is often construed as conjunctive."); *Bruce v. Fist Fed. Sav. and Loan. Ass'n of Conroe, Inc.*, 387 F.2d 712, 715 (5th Cir. 1988) (stating that unless intent indicates otherwise, "and" is "to be accepted for its conjunctive connotation rather than as a word interchangeable with 'or'"); *Am. Bankers Ins. Grp. v. U.S.*, 408 F.3d 1328, 1332 (11th Cir. 2005) ("[U]nless the context dictates otherwise, the word 'and' is presumed to be used in its ordinary sense, that is, conjunctively.").

The Court sees no reason to depart from the ordinary application of "and." Thus, the Settlement Agreement's use of the phrase "fees and costs," suggests that the terms "fees" and "costs" must be interpreted in the context of one another, rather than disjunctively as Plaintiffs' suggest. Therefore, when the payment deadline is triggered under Section 8.3, it is at that point that Defendant is required to pay both attorneys' fees and litigation expenses.

## II. The payment deadline is triggered upon either the Effective Date, or the final resolution of all appeals and objections to the Fee Application, whichever is later.

Section 8.3 requires Defendant pay the awards within five days of the Effective Date, or "the final resolution of all appeals and objections to Class Counsel's Fee Application," whichever is later. Class Counsel's Fee Application is defined by the Settlement Agreement as "the application to be filed by Class Counsel by which they will seek an award of attorney fees and reimbursement of litigation expenses" as well as a service award (Dkt. #85, Exhibit 1 at p. 5). Thus, the Fee Application includes a number of separate, but related issues—a request for attorneys' fees, a request for litigation expenses, and a request for a service award. Plaintiffs argue that because one issue related the Fee Application has been finally resolved—the amount of litigation expenses—Section 8.3 requires Defendant pay that amount immediately, regardless of the resolution of remaining issues. However, the plain language of Section 8.3 does not support Plaintiffs' interpretation.

Payment under Section 8.3 requires the resolution of "all" appeals or objections. When interpreting a contract, the "contract's plain language controls, not 'what one side or the other alleges they intended to say but did not.'" *Great Am. Ins.*, 512 S.W.3d at 893 (quoting *Gilbert Tex. Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 127 (Tex. 2010)). The Court finds that "all" as used in Section 8.3 means exactly what it says: "All means all." *Halliburton, Inc. v. Admin. Rev. Bd.*, 771 F.3d 254, 267 (5th Cir. 2014) (quoting *Kennedy v. Lynd*, 306 F.2d

5

222, 230 (5th Cir. 1962)); *see also AtlantiGas Corp. v. Columbia Gas Trans. Corp.*, 210 Fed. App'x 244, 250 (4th Cir. 2006) ("'All' means 'all,' or if that is not clear, 'all' . . . means the entire or unabated amount or quantity of; the whole extent, substance, or compass of; the whole") (citation omitted). Thus, even if one issue related to the Fee Application has been finally resolved, Section 8.3 does not require payment until *all* issues are finally resolved. Said differently, presuming the Effective Date occurs earlier, the deadline to pay both fees and costs is not triggered under Section 8.3 until the final resolution of all appeals and objections related to the Fee Application.

In sum, as this Court previously held, the execution of the final judgment awarding attorneys' fees and litigation expenses to Plaintiffs' Class Counsel "is on hold until five days after the resolution of all appeals because the parties freely agreed to delay the judgment's execution" (Dkt. #79 at p. 7). Therefore, consistent with the plain language of the Settlement Agreement, Defendant must pay Plaintiffs' attorneys' fees and litigation expenses within five days of either 1) the Effective Date or 2) the final resolution of all appeals and/or objections to Class Counsel's Fee Application, whichever is later.

## CONCLUSION

It is therefore ordered that Defendant's Motion for Clarification of Timing of Payment of Litigation Expenses (Dkt. #93; Dkt. #335) is **GRANTED.** Defendant shall pay Class Counsel's litigation expenses in the amount of $371,354.98, plus appropriate interest from the date of the Amended Final Judgment (Dkt. #61) until date of payment, within five days of either 1) the Effective Date or 2) the final resolution of all appeals and/or objections to Class Counsel's Fee Application, whichever is later.

**IT IS SO ORDERED.**

**SIGNED this 7th day of June, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE